## MORGAN *v.* FENCHER.

The declaration of a constable, that the goods offered for sale on execution, are the property of the execution debtor, and that he will sell them as the law directs, is no warranty of title.

If goods purchased at constable's sale, be taken from the vendee by virtue of a search warrant, that is no proof they were not the property of the execution debtor.

ERROR to the *Dearborn* Circuit Court.—Trespass on the case, for that the defendant, as a constable, by virtue of an execution, sold the plaintiff a horse, declaring at the time of sale, that he was the property of the execution debtor, and he would sell him as the law directed; that relying on this statement, the plaintiff purchased the horse at the constable's sale; that afterwards the horse was seized by virtue of a search warrant as the property of another person, and by order of a justice of the peace, was taken from the plaintiff and delivered to the claimant. Wherefore, &c.

General demurrer to the declaration, and judgment for the defendant.

SCOTT, J.—It is not to be denied that an officer, in cases like the present, may use such language, as would in law amount to a warranty, either as regards the title or the quality of the goods, which he offers at public sale. It is to be recollected, however, that the case of an officer is materially different from that of a private man who offers to sell goods as his own. The officer finds goods in the possession of a defendant, and from the circumstance of possession, he is justified in presuming property. It is his duty to levy an execution. He has no interest but to do his

duty, and, of course, he has no inducement to warrant either the title or the quality of the goods. To fix a warranty upon an officer in such a situation, we are to look for such expressions as go unequivocally to show, that he did undertake to warrant the property in question, and that such was his intention at the time of using the expressions. The mere assertion, in the case now before us, that the horse was the property of the execution defendant, is not sufficient. It does not appear, as set forth in the record, to amount to any thing more than to point out the person whose property had been taken, and who was the ostensible owner, and presumed to be the real one, until some other person should set up and establish a better title. The defendant, therefore, made no warranty upon which he is liable (1). But if he had, the proceedings on the search warrant did not prove, that the horse was not the property of the execution debtor (2).

*Per Curiam.*—The judgment is affirmed, with costs.

*Kidder*, for the plaintiff.

*Lane*, for the defendant.

(1) The question of liability in judicial sales, particularly as to the quality of the goods, has been lately very fully discussed in the Sup. Court, *U. S.* It is there held, that the owner is not chargeable for any representation or warranty of the marshal; that the marshal is only the minister of the law to execute the orders of the Court, and cannot be considered as warranting the property sold, so as to render himself personally liable, while he acts within the scope of his authority; and that the rule *caveat emptor* applies generally, from the nature of the transaction, to all judicial sales. The *Monte Allegre*, 9 Wheat. 616.

Where a sheriff sells goods on execution, there is an implied promise that he does not know that they are not the property of the execution debtor; and if he did know it, though he may have paid the money over before notice not to do so, the purchaser may support an action of assumpsit against him, and recover to the extent to which he has been damnified by the deception. *Peto* v. *Blades*, 5 Taunt. 657.

(2) The record of a recovery in trover against the vendee, by the rightful owner of a chattel, where the vendor had notice of the suit, is evidence for the vendee against his vendor, in an action upon the implied warranty of title. *Blasdale* v. *Babcock*, 1 Johns. Rep. 517. The fact of such recovery is a proper averment in the declaration, and if proved, is conclusive against the defendant. *Barney* v. *Dewey*, 13 Johns. Rep. 224.