BAIRD *v.* THAYER.—In error.

*Wednesday, July 15.*

ASSUMPSIT by *Martin Thayer*, assignee of *Isaac Fisher*, against *Joseph Baird* on an instrument of writing as follows, which was assigned by *Fisher* to the plaintiff: "Rec'd *May*, 1840, of *W. B. Tapscott* one carriage to sell, and pay the amount over to *Isaac Fisher* when collected, which carriage I have sold on time, and did agree to pay the amount of said carriage (one hundred and forty-five dollars) as above stated to *Isaac Fisher* by the express order of the above-named *Tapscott. Joseph Baird*." *Held*, that the instrument contained no promise on which an action would lie. *Ephraims et al.* v. *Murdock*, 7 Blackf. 10.

---

WILSON and Others *v.* BRUMFIELD and Another.—In error.

*Wednesday, July 15.*

A PURCHASER of real estate cannot be compelled to take only a part of the land for which he has contracted. If he cannot get the whole, he has a right to rescind the contract; but he has also a right, generally, to insist that the vendor shall perform the contract so far as he is able, and make compensation in damages for the breach of that part of it which he cannot perform. 2 Story's Eq., sect. 779.—*Paton* v. *Rogers*, 1 Ves. & B. 351.—*Todd* v. *Gee*, 17 Ves. 273.—*Waters* v. *Travis*, 9 Johns. 450.—1 Sugd. Vend. 319.