DRAHER vs. SCHREIBER.

1. An instrument drawn as follows: "Mr. Emanuel Folker can, upon this my order, at any time, receive from my kiln, sixty-three dollars in lime," dated and signed, is a promissory note "for property," within the meaning of the 2d section of the act concerning bonds and notes, (Revised Statute, 190,) and is assignable, under that section, so that the assignee may maintain an action thereon in his own name.

Draher vs. Schreiber.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The plaintiff, Draher, sued the defendant in the Law Commissioner's Court, on the following instrument: "Mr. Emanuel Folker can, upon this my order, at any time receive from my kiln sixty-three dollars in lime. St. Louis 26th April, 1848." (Signed) "John Schreiber." On which was the following assignment: "Mr. J. Schreiber, have the good to let Mr. John Draher have said lime. Emanuel Folker." The plaintiff avered, that he had demanded at defendant's kiln the amount of lime due on said order, after allowing all just credit from John Schreiber, the defendant, and said Schreiber refused to deliver the same or any part thereof, to the plaintiff's damage of 70 dollars.

The defendant made the following motion, in the Law Commissioners Court, which was there overruled. "And now comes John Schreiber and pleads, and says that the order, on paper or account filed in this cause, shows no legal interest in the plaintiff, nor has the plaintiff any right to sue thereon; the same from its nature and character, not being assignable, the legal right to sue, if any cause of action exists, being in Emanuel Folker; wherefore the defendant, John Schreiber, prays judgment.

Judgment was given in the Law Commissioner's Court for the plaintiff. Defendant appealed to the St. Louis Court of Common Pleas, where he renewed the above motion, which was sustained by the court and the case dismissed, to which plaintiff then and there excepted, and brings the case to this court on writ of error.

GIBSON, for plaintiff in error, insists, that

The only point in this case is, whether the suit was properly brought in the name of Draher the assignee: See Rev. Code, 1845, page 190, and the uniform decisions of the court, that the assignee is the legal owner of the instrument, and that it is erroneous to sue in the name of the assignor.

GAMBLE, J., delivered the opinion of the court.

The instrument upon which this suit is founded is a promissory note "for property," within the meaning of the 2d section of the act concerning bonds and notes, Revised Code 190, and is assignable under that section, so that the assignee may maintain an action thereon in his own name.

The court below erred in sustaining the motion to dismiss the suit, and its judgment is reversed and the cause remanded.