### HARMON *v.* JAMES.

*A.* executed to *B.* a writing under his hand and seal, as follows: *May* 14, 1836. This is to show that I allow to give *B.* 250 dollars, to be paid in two years after date, &c.

*Held,* that an action could not be maintained on the instrument.

*Held,* also, that the instrument could not be aided by the averment of a valuable consideration for which it was executed.

Nov. Term,
1855.

HARMON
v.
JAMES.

Friday,
December 14.

ERROR to the *Jennings* Circuit Court.

DAVISON, J.—Debt by *Harmon* against *James.* The declaration contains two counts. The first is upon an instrument in writing, dated *May* 14, 1836, executed by the defendant to one *Willet James*, and by him, on the 14th of *September*, 1844, assigned to the plaintiff. The writing is as follows:

"*May* 14, 1836. This is to show that I allow to give *Willet James* two hundred and fifty dollars, to be paid in two years after date, as witness my hand and seal. *Thomas James,* [SEAL.]"

The second count alleges that on the 14th of *May*, 1836, the date of the above writing, the defendant was indebted to *Willet James*, the assignor, 250 dollars, for the right, title and interest of said *Willet* in a certain saw and grist-mill, before that time sold and delivered by him to the defendant; and that being so indebted, he executed the writing, &c.

The defendant, having craved and obtained oyer of the said writing, demurred to the said first and second counts, which demurrer the Court sustained, &c.

If full effect be given to the language used in the writing set forth on oyer, there can, it seems to us, be one opinion only as to its import. It simply expresses a present intention to give *Willet James* 250 dollars within two years after its date. The words "I allow to give," are plainly equivalent to "I intend to give." They are the controlling words of the instrument, and when looked at in connection with the phrase "to be paid two years after date," the above construction is not varied. This view being correct, and we think it is, the writing set forth on oyer constitutes no valid obligation, and is therefore not a sufficient foundation for an action.

But the second count, it is said, is sufficient, because it shows the consideration upon which the instrument was executed. We are not of that opinion. It is true, a note under seal which contains a direct promise to pay money, imports a consideration, which, being denied by plea verified by oath, may be proved by parol evidence. Such evi-

dence, however, would be consistent with the legal effect of the obligation, and not in contradiction of it. But here, as we have seen, the writing sued on expresses simply a present intention to give *in futuro.* In effect, it shows upon its face that it was given without consideration. Hence, there is a direct conflict between the instrument and the averment in the count of a sufficient consideration. We know of no principle upon which a writing such as this, expressing a mere intent to give, can be converted by averment into an obligation to pay. The demurrer was no doubt well taken. *Baird* v. *Thayer,* 8 Blackf. 146.—*Ephraims* v. *Murdock,* 7 *id.* 10.

*Per Curiam.*—The judgment is affirmed with costs.

*H. C. Newcomb* and *W. B. Hagins,* for the plaintiff.

*J. W. Gordon,* for the defendant.