## HULL *v.* BUTLER.

Evidence admitted without objection in the Court below, can not be objected to, as having been inadmissible, in the Supreme Court.

A receipt was given for a sum of money as having been received "on a decree" specified. *Held*, that parol evidence was not admissible to prove that it was given in full of the principal as such.

Interest was allowed on decrees, by the R. S. 1838, from the signing.

Decree by the Probate Court, under the R. S. 1838, in favor of a distributee of an estate, against the administrator, for a sum specified, to be paid on a refunding bond being given, conditioned, &c. The decree was against the administrator *de bonis propriis*.

*Held*, that the decree drew interest from date.

*Held*, also, that had it been *de bonis testatoris*, it would only have drawn interest from the filing of the bond.

Nov. Term,
1855.

HULL
v.
BUTLER.

Friday,
December 14.

APPEAL from the *Vigo* Probate Court.

STUART, J.—Debt by *Butler*, executor, &c., against *Hull*. The declaration contains two counts. The first is on a record of the *Vigo* Probate Court, setting out a conditional decree for the sum of 244 dollars and 93 cents, dated *May* 29, 1841, in favor of *Edith M. Harrison*, as heir at law of *Wesley Harrison*, deceased, upon her, said *Edith*, or some person on her behalf, giving security to the satisfaction of the administrator of *Wesley*, &c., to refund in proportion, &c., in case of further debts; and subject to a deduction of one-fourth of two-thirds of the fees and costs necessarily incurred. It is further averred, that in 1846, the case was taken to the Supreme Court by the heirs of *Wesley*, where the decree was so modified as to make the bond payable to the state, and the security to be approved by the Court; that in *July*, 1851, the Probate Court modified the decree in accordance with the opinion of the Supreme Court; that in *April*, 1852, *Butler*, as the executor of *Edith*, filed the requisite bond, to the acceptance of the Court, and averring the decree to be in full force, &c.

The second is a count in the common form for interest.

*Hull* was the administrator of the estate of *Wesley Harrison*, deceased.

The defendant, *Hull*, filed two pleas to the first count: 1. *Nul tiel record;* 2. Payment. And to the second count he filed the general issue. The cause was submitted to the Court. Finding and judgment for the plaintiff, *Butler*, for 150 dollars and 15 cents. This was over and above a payment given in evidence of 237 dollars and 63 cents. Motion for a new trial, interposed before judgment, overruled, and the evidence all set out in the form of a statement which the parties agree shall have "the form and effect of a bill of exceptions taken in the cause."

Some objection is taken in argument, for the first time, in this Court, to the admission of the record of the Probate Court in evidence. But as the objection does not appear to have been made below, it is not available here.

The real and only question which requires notice is,

was the executor of *Edith M. Harrison* entitled to recover interest from the date of the decree in 1841, up to the time of suit brought?

It will not be necessary to inquire whether, after the payment of the principal as such, an action will lie for the interest, though one of the witnesses in the case swears that the following receipt, given before the commencement of the suit, was intended to "cover the amount of the principal of said decree, and the interest from the date of the refunding bond, to the time of giving the receipt," viz.: "Received of *Samuel Hull* two hundred and thirty-seven dollars and sixty-three cents on a decree in the *Vigo* Probate Court, in favor of *Edith M. Harrison* against *Samuel Hull*, on a bill filed against him and his wife, *Mary*, as administrators of the estate of *Wesley Harrison*, deceased, for an account and settlement of said estate at the *May* term, 1841, of said Court. *July* 27, 1852." Signed, &c.

This receipt does not purport to be for the principal or any part of the interest, but simply for so much on the decree. It speaks for itself; and parol evidence of what it was intended to cover is not admissible.

The statute governing this case allows interest on decrees from the signing. R. S. 1838, p. 336. The interest is the only point of controversy. Had the decree been *de bonis testatoris*, interest would have run only from the filing of the bond; for *Hull* would not have been presumed to have used the money, nor could he have loaned it out, for he could not know how long he might be at liberty to use or loan it, nor at what moment it might please *Edith* to put herself in a condition to demand it by filing the requisite bond. But here the decree is against *Hull* personally. He could have paid the money into Court, and thus been released from the accruing interest. As it is, he is liable for interest under the statute. It was correctly allowed in the Circuit Court.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. W. Thompson*, for the appellant.

*S. B. Gookins*, for the appellee.