JONES *v.* CLARK and Another.

The complaint, in this case, alleges that the defendants fraudulently, &c., obtained from the plaintiff 100 dollars, by making the following agreement: "$100. Received of *Philip C. Jones*, Esq., of, &c., the sum of one hundred dollars, to be appropriated to the purchase of lands in *Texas*, &c., in connection with myself and others, or to be returned to said *Jones*, except his equal proportion of the expense of sending two agents to that country to explore it. This receipt entitles said *Jones* to an equal proportion with the balance of the company, of all lands purchased by their agents, *John M. Clark* and *John Cullen*, for said company. *Oct.* 13, 1835. *John M. Clark.*" The complaint further denies that either of the agents went to *Texas*, and avers that they left *Virginia*, where the contract was made, with the money, and invested it in lands in *Indiana*, for their own benefit. Suit commenced in 1855. Answer, that the cause of action did not accrue within six years. Demurrer, assigning for cause, 1. That the answer did not state facts sufficient, &c. 2. That the action was upon a written agreement to which the six years' limitation does not apply. Demurrer overruled. *Held*, 1. That the action was upon the written agreement. 2. That the demurrer should have been sustained.

APPEAL from the *Clinton* Circuit Court.

PERKINS, J.—Suit by *Jones* against *Clark* and *Cullen.* The complaint alleges in substance that the defendants fraudulently, &c., obtained from the plaintiff 100 dollars, by agreeing to invest it in lands in *Texas*, &c., as evidenced by a written agreement, over the name of *Clark*, which reads thus, and is made a part of the complaint:

" $100. Received of *Philip C. Jones*, Esq., of *Shenandoah* county, the sum of one hundred dollars, to be appropriated to the purchase of lands in *Texas*, in the republic of *Mexico*, in connection with myself and others, or to be returned to said *Jones*, except his equal proportion of the expense of sending two agents to that country to explore it. This receipt entitles said *Jones* to an equal proportion with the balance of the company, of all lands purchased by their agents, *John M. Clark* and *John Cullen*, for said company. *Oct.* 13th, 1835. *John M. Clark.*"

The suit was commenced in *March*, 1855. The complaint denies that any of the agents went, or intended to go, to *Texas;* but, on the contrary, that they left *Virginia*,

May Term, 1857.

THE STATE v. PORTER.

where the contract was made, with the money, and invested it in lands in *Indiana*, for their own benefit.

To this complaint the defendants answered that the cause of action mentioned therein did not accrue within six years before the commencement of the suit.

The plaintiff demurred to the answer, assigning for causes—

1. That the answer did not contain matter sufficient to bar the action.

2. That the action was upon a written agreement to which the six years' limitation law did not apply, but that of twenty years.

The Court overruled the demurrer, and gave final judgment for the defendants.

It seems to us that the action may fairly be regarded as upon the written agreement; and hence, that the answer was insufficient. By the writing, the money was to be returned, if not expended in the way proposed, &c. The demurrer should have been sustained.

Whether the evidence will be sufficient to authorize a recovery against the defendants jointly, a future trial must determine.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

*E. A. Greenlee*, for the appellant (1).

(1) Counsel cited 1 Chit. Pl. side pp. 522, 546, 8 *Am.* ed.