Long, Executrix, *v.* Straus *et al.*

Filed June 17, 1886.

———————

No. 12,429.

LONG, EXECUTRIX, *v.* STRAUS ET AL.

CONTRACT.—*Receipt for Money Deposited.*—*Statute of Limitations.*—An instrument reading, "Received of Joseph S. Long sixteen hundred dollars, on deposit, in National currency. Straus Bros.," is a written contract for the payment of money, and the six years' statute of limitations does not apply to an action thereon.

From the Noble Circuit Court.

*D. W. Green, F. P. Bothwell, H. G. Zimmerman* and *N. Prentice,* for appellant.

*J. I. Best, J. H. Baker* and *F. E. Baker,* for appellees.

ELLIOTT, J.—The instrument upon which this action is founded reads thus:

"Received of Joseph S. Long sixteen hundred dollars, on deposit, in National currency.          STRAUS BROS.

"LIGONIER, April 27th, 1865."

This instrument is more than a mere receipt, for it embodies an agreement. The terms of the agreement are not, it is true, expressly stated in the instrument, but they are clearly implied in the language employed by the parties. The law is a silent factor in every contract, and it is a factor in this one. *Foulks* v. *Falls*, 91 Ind. 315, see p. 320. There are, indeed, very few contracts that would be intelligible if they were considered as destitute of the legal element, for the law gives vitality and force to all contracts, and makes them intelligible and enforceable. Men are presumed to contract with reference to the law, and to employ language that has a legal meaning, and to which the courts may give just effect.

In the instrument before us the parties have employed words that have a definite legal meaning, and the courts can not treat as meaningless any of the words which the parties have employed, for the long settled rule is, that no word shall be disregarded unless the contract clearly demands it. There is no such demand here, as there is entire harmony in all the parts of the instrument. It plainly declares that the signers of the instrument have received on deposit sixteen hundred dollars of the payee's money. The words "on deposit" import a contract, and the context shows that the money received by the persons with whom it was deposited was that of the depositor. The instrument would not, in legal contemplation, have been one whit clearer if the parties had stated at full length all the details of their agreement. The language used creates a contract, and the law implies, as part of the contract, that on reasonable demand the depositor is entitled to receive back that which belongs to him. The deposit of money is a transaction well known to the law, and it is one out of which well defined legal rights emerge; chief

among these rights is that of the depositor to receive his own again, and a correlative of this right is the implied promise of the person who receives money on deposit to return it to the depositor.   It needs no express words to create this obligation to return the money; the law makes it an attribute of the contract.   It would shock every one's sense of justice to affirm that a depositor could not get back his money unless there is an express promise to return it to him, but this can not be affirmed without doing violence to the settled principles of jurisprudence.   In affirming, as we do, that the law enters into every contract unless expressly excluded, we do no more than restate one among the oldest rules in the law of contracts.   "Every agreement and promise," says Mr. Pollock, "enforceable by law is a contract."   Pollock Prin. of Cont. 1.

We have here an agreement enforceable by law, and, therefore, a contract.   The promise of the signers is, to be sure, an implied one, but it is none the less a legal promise, involved in the language employed by the contracting parties. To deny that the law will, where justice requires it, imply a promise that may be enforced, would be to dispute a doctrine that runs back to the earliest years of the common law, and, surely, there can be no case where justice more imperatively requires that such a promise should be implied than one where money is received on deposit, for it is inconceivable that the person so receiving money should be under no obligation to return or repay it to the depositor.   The promise here, however, is part of the contract itself, for to the language used in the instrument the law affixes a definite meaning.   If there were no adjudged cases we should have no hesitation in deciding on principle that the instrument set forth in the complaint is a contract for the payment of money, but there are decisions which very fully sustain this conclusion.   In *Payne* v. *Gardiner*, 29 N. Y. 146, the question was thoroughly discussed, and an instrument in all material aspects the same as the one here under discussion was held to be a contract of

bailment. The instrument under examination in *Tisloe* v. *Graeter*, 1 Blackf. 353, was in legal effect the same as the one before us, the only difference in the phraseology of the two instruments being, that the one in the case cited used the words for "safe-keeping," while the one we are dealing with uses the words "on deposit," and it was held that the instrument constituted a contract which could not be varied by parol evidence. A like ruling upon a very similar instrument was made in *Dale* v. *Evans*, 14 Ind. 288. Upon the same general principle was decided the case of *Foulks* v. *Falls*, *supra*, where it was held that an instrument in form a receipt, but containing a recital that the note described was received for collection, was a written contract. These cases, to which many more might be added, establish the doctrine that such an instrument as the one declared on constitutes a contract, and if it is a contract it can be none other than a written contract. It is not the less a written contract because the law annexes to it certain attributes, for this the law does to every contract. In proof of the validity of our conclusion we need adduce only one instance, that of a promissory note, to which the law annexes three days of grace, and yet we suppose no one would dream of affirming that a promissory note was not a written contract.

Assuming, as we have no hesitation in affirming that the authorities cited and the principles referred to entitle us to do, that the instrument executed by the appellees is a written contract, all that remains is to ascertain its character, and this the authorities enable us to do without difficulty. It is a written acknowledgment of the receipt of money, and a promise to repay it on reasonable demand. Daniel Negotiable Inst., section 37. "Money on deposit," says the Court of Appeals of New York, " means, *ex vi termini*, money placed where the owner can command it at any time." *Curtis* v. *Leavitt*, 15 N. Y. 9, see p. 265. It is the money of the depositor, due him on a written contract, for the law affixes to

the words " on deposit " such a meaning as makes the contract perfect and complete. 1 Story Cont., section 16 ; Pomeroy Cont., section 155; Story Bailments, section 88 ; *Payne* v. *Gardiner, supra.*

It may, perhaps, be true that the instrument signed by the appellees is not just what is known in the commercial world as a certificate of deposit, but it is nevertheless a contract in writing, evidencing the receipt of money on deposit, and to it all the legal incidents attach. If it is a contract, and an enforceable one, then this action is well brought, and that it is such a contract we have no doubt.

Appellees' counsel refer us to the cases of *Harmon* v. *James,* 7 Ind. 263, *Johnston* v. *Griest,* 85 Ind. 503, and *Caviness* v. *Rushton,* 101 Ind. 500 (51 Am. R. 759), but there is slight, if, indeed, any similarity between those cases and the present. It is sufficient to note one of the important points of difference, and that is this, here the instrument shows on its face full consideration for the promise, while in those cases no valuable consideration was shown for the promise, for this instrument discloses that the money received on deposit belonged to the person to whom the instrument was executed.

Our conclusion is that the instrument declared on is a written contract for the payment of money, and that the complaint is sufficient.

The plea of the six years' statute of limitations is bad, and the court erred in overruling the appellant's demurrer to it. We do not deem it necessary to further discuss the question, for, in deciding that the contract is a written one, we necessarily decide that the action is not barred by the six years' statute.

Judgment reversed.

MITCHELL, J., did not participate in the decision of this case.

Filed March 31, 1886.

ON PETITION FOR A REHEARING.

ELLIOTT, J.—The instrument declared on is a contract. It is a written contract. It can not be contradicted or varied by parol evidence. The law enters into it as a silent factor, and the obligation implied by law from the language employed is as much part of the contract as though what the law implies had been fully expressed in words.

Where there is an express contract there can be no implied one. An express written contract contains the only competent evidence of the agreement of the parties. There is here an express written contract, and, therefore, there is no implied one. But this written contract is to be given legal effect, and to give it effect the courts must consider it as embodying all the legal obligations implied from its language. These obligations, we repeat, are part of the written contract. The law imported into the contract does not create an independent agreement, but makes the instrument express the full agreement of the parties.

All the words found in a contract are to have a meaning attributed to them, and are not to be thrust aside. We can not, therefore, disregard the words found in the contract before us, "on deposit, in National currency." We know that the words "National currency" denote money, and we know, therefore, that those words, taken in connection with the words "on deposit," mean that the appellees had received a deposit in money from the appellant's testator. *Phelps* v. *Town*, 14 Mich. 373. We know, also, that the law as a factor is an essential part of the contract, and it seems very plain to us that the express agreement of the parties, considered in conjunction with this factor, imports a contract to repay the deposit on demand. Suppose the appellees to have attempted to show by parol that they were not to repay this money, would not the attempt be defeated by the proposition that such a contract can not be varied by parol evidence? Of this there can be no doubt. *Tisloe* v. *Graeter*,

1 Blackf. 353; *Hull* v. *Butler*, 7 Ind. 267; *Jones* v. *Clark*, 9 Ind. 341; *Pribble* v. *Kent*, 10 Ind. 325, vide p. 328; *Henry* v. *Henry*, 11 Ind. 236; *McKernan* v. *Mayhew*, 21 Ind. 291; *Foulks* v. *Falls*, 91 Ind. 315.

All contracts have imported into them legal principles which can no more be varied by parol evidence than the strongest and clearest express stipulations. We have already given one example, that of the days of grace added by force of law to a promissory note. A more striking example, perhaps, is that supplied by the contract of endorsement, for, in such cases, although not a word more than the name of the endorser is written, the contract which the law implies can not be varied by parol. The authorities all agree that the regular endorsement of a promissory note is as perfect a contract as though the liability which the law implies were written out in full. *Smythe* v. *Scott*, 106 Ind. 245. In contracts under seal, as deeds, leases, and the like, covenants are engrafted into the agreement of the parties by operation of law, and, indeed, into every conceivable contract the law enters as an essential element. Into the contract before us the law enters and makes it an agreement to repay the money received on deposit. As the contract is a written one, not subject to variation by parol evidence, the agreement to repay the money must exist in it or not exist at all, and surely no just man would assert that one who receives money on deposit, and so states in a written contract, does not undertake to repay it. If he undertakes at all he does so by his written contract, for there is and there can be no other contract, as all oral negotiations and stipulations are merged in the writing. That, and that alone, expresses the agreement of the parties. *Oiler* v. *Gard*, 23 Ind. 212; *Cincinnati, etc., R. R. Co.* v. *Pearce*, 28 Ind. 502, vide p. 506. The law implies a promise to pay the depositor his money, and where there is a written contract the law conducts this implied promise into the contract as one of its elements, so that the entire contract is a written one. Where there is an effective written contract there can

Long, Executrix, v. Straus *et al.*

be no verbal one. *Board, etc.*, v. *Shipley*, 77 Ind. 553; *Pulse* v. *Miller*, 81 Ind. 190. As there is here a written contract into which the law imports a promise to pay, the statute of limitations governing written contracts to pay money is the only one that applies. We thus find that, reasoning on elementary principles, the conclusion must be that the contract is a written one for the payment of money.

Our conclusion reaches further than that there is an implied promise to pay the depositor his money, for it goes to the extent of affirming that this promise is created by law as an element of the contract, and as such enters into and forms part of the written agreement. We do not regard the promise as an independent one, existing outside of the written contract, but as a promise forming one of the terms of the contract. In short, we look upon it as a part of the contract, put there by law, for the parties are presumed to have contracted with reference to the law. The principle on which we proceed is thus stated by Mr. Bishop: "What is implied in an express contract is as much a part of it as what is expressed." Bishop Cont., section 121. On this subject the Supreme Court of the United States said: "Undoubtedly necessary implication is as much part of an instrument as if that which is so implied was plainly expressed." *Hudson Canal Co.* v. *Pennsylvania Coal Co.*, 8 Wall. 276, *vide,* p. 288.

We maintained in our former opinion, as we maintain here, that the law implies a promise to pay back to the depositor his money, and that where there is a written contract stipulating that money has been received on deposit, that promise is an essential part of the written contract itself. It is a promise in the written instrument, and not outside of it. "The acknowledgment of indebtedness on its face implies a promise to pay to the plaintiffs," said the court in *Kimball* v. *Huntington*, 10 Wend. 675. So we say here, an acknowledgment that the money was received on deposit implies a promise to pay it to the depositor, and we hold, as was held in the case cited,

that this promise is implied by law as an obligation arising from the language ' of the contract, thus forming one of its terms.   As there is an express contract, and as the promise forms part of the contract, it is a contract for the payment of money or else it is no contract at all.   Once it is granted that the promise to pay back the depositor his money is created by law, then it follows with absolute logical certainty that the promise is as much part of the written instrument as though it were written therein in express words.

The authorities which bear most directly upon the question lead to the conclusion at which we have arrived.   We find an able court saying : " Money on deposit means, *ex vi termini,* money placed where the owner can command it at any time." *Curtis* v. *Leavitt,* 15 N. Y. 9, *vide* p. 265.   In giving effect to an instrument similar in all material respects to the one before us, that court in a very recent case said :  " Being a deposit a demand of the money was essential to a right of action, unless there was a wrongful conversion or loss by some gross negligence on the part of the depositary.   The distinction between a deposit and a loan is considered in *Payne* v. *Gardiner,* 29 N. Y. 146, and within the rule there laid down the instrument in question was a certificate of deposit." *Smiley* v. *Fry,* 100 N. Y. 262.   We referred to *Smiley* v. *Fry,* as declaring such an instrument to be in the nature of a certificate of deposit, and in this we are, as the quotation we have made shows, sustained by the latest expression upon the question.   At another place in the opinion from which we have quoted it is said :  "As the instrument in question was not a promissory note but a certificate of deposit, the defence of the statute of limitations, interposed by the defendant, was not available."   It is perhaps true that the decision in *Hotchkiss* v. *Mosher,* 48 N. Y. 478, is in conflict with the views we have expressed, for it holds, as we understand it, that a certificate of deposit may be contradicted by parol evidence, as the court says : " We are of the opinion that parol evidence was admissible to explain the certificate in the same manner

:as in the case of a receipt." This ruling is in conflict with ·our own cases and with the cases in New York and elsewhere, :and can not be accepted as the law. The case is not a well ·considered one, for no authorities are cited in support of the ·conclusion announced. It is held by many courts, including our own, that an order for property, accompanied by a ·direction to charge its value to an owner, is a written contract,. ·containing a promise to pay its value. *Garmire* v. *State,* 104 Ind. 444; *United States* v. *Book,* 2 Cranch C. C. 294; *United* .*States* v. *Brown,* 3 Cranch C. C. 268; *State* v. *Morgan,* 35 La. Ann. 293; *State* v. *Ferguson,* 35 La. Ann. 1042; *Ander-* .*son* v. *State,* 65 Ala. 553; *Burke* v. *State,* 66 Ga. 157; *Peete* v. *State,* 2 Lea, 513; *State* v. *Keeter,* 80 N. C. 472; *People* ·v. *Shaw,* 5 Johns. 236; *Commonwealth* v. *Fisher,* 17 Mass. 46.

The principle which these cases declare is the same as that here involved, for the principle on which they proceed.is that the law imports into the order a promise to pay, and that is true of such an instrument as the one now before us. In the ·case of *White* v. *President, etc.,* 22 Pick. 181, the instrument :read thus: "Dr. Franklin Bank in account with B. F. White, Cr. 1837, Feb. 10th. To cash deposited, $2,000. The above deposit to remain until the 10th day of August. E. F. Bunnell, Cashier." And this was held to be a promise to pay money at a future day.

In our original .opinion we said that the instrument signed by the appellees may not be "just what is known in the commercial world as a certificate of deposit, but it is nevertheless .a contract in writing evidencing the receipt of money on deposit, to which all the legal incidents attach." It is by no :means certain whether it is not a regular certificate of deposit. It is said by a legal author, in speaking of certificates of deposit, that, "Usually they embody an express promise, in terms, to pay; but even if they do not, they are yet the bank's acknowledgment of its indebtedness, and so are nearly ·of the same effect as if they expressly promised payment.

Substantially, therefore, they resemble promissory notes, and
the courts have always inclined to regard them as such,
especially when they are made payable otherwise than im-
mediately and upon demand.    But this is not a necessary
feature.    If they are payable at a future day certain, they are
simply promissory notes, neither more nor less." Morse
Banking, 63.

Our cases, in accordance with the very great weight of au-
thority, hold that a certificate of deposit, written in full and
regular form, is, a promissory note, and as such negotiable.
*Gregg* v. *Union, etc., Bank,* 87 Ind. 238; *Brown* v. *McElroy,*
52 Ind. 404; *National, etc., Bank* v. *Ringel,* 51 Ind. 393;
*Drake* v. *Markle,* 21 Ind. 433.

If the instrument we have under consideration had been
written out in full, although payable on demand, it would be
a promissory note, and it seems, under the principles we have
stated, that it is a promissory note, and as such negotiable, for
it is well settled that no precise form of words is necessary to
constitute a promissory note, as any form that expresses a
promise, although not in direct terms, will be sufficient. Thus,
a written statement that a designated sum is due a person
named, or a certificate that a specified sum is due a person
designated, or a mere general statement that a certain amount
is due, is considered a promissory note, and yet in none of
these instances is there an express promise to pay. *Russell*
v. *Whipple,* 2 Cowen, 536; *Franklin* v. *March,* 6 N. H. 364;
*Cummings* v. *Freeman,* 2 Humph. 142; *Brewer* v. *Brewer,* 6
Ga. 587, vide, p. 589; *Hussey* v. *Winslow,* 59 Maine, 170;
*Knight* v. *Connecticut, etc., Co.,* 44 Vt. 472; *Fleming* v.
*Burge,* 6 Ala. 373; *Draher* v. *Schrieber,* 15 Mo. 602; *Mar-
rigan* v. *Page,* 4 Humph. 245.

There are two well considered cases applying the principle
declared in these cases to certificates similar in all essential
respects to the one here declared on. *Lynch* v. *Goldsmith,* 64
Ga. 42; *Hart* v. *Life Association,* 54 Ala. 495.   In the case

last cited the instrument read thus: "This certifies that the Life Association of the South has on deposit with me the sum of $1,723.45 in currency. H. C. Hart, President and Treasurer, local board of trustees."

Whether the instrument declared on is or is not negotiable, is not here an important question,.and we need not, and do not decide it, for all that the record requires us to decide is that it is a contract, a written contract, and a contract for the payment of money. The character of the instrument as to negotiability does not affect the question before us, for, as Mr. Morse says, "A certificate of deposit may or may not be made negotiable." Morse Banking, 65.

The authorities we have cited sustain our decision, and it rests on the elementary principle we have expressed in language borrowed from Mr. Bishop. Indeed, we do no more than apply to the contract before us the rule declared in *Foulks* v. *Falls, supra,* where it was said: "This agreement being implied by the law as a part of the written contract, the averment of it in the complaint, or the proof of it by oral testimony, added nothing to the contract or to the responsibility of the appellant. 2 Parsons Con., pp. 54, 515; *Reilly* v. *Cavanaugh,* 29 Ind. 435; Weeks Attorneys, section 259; *Walpole* v. *Carlisle,* 32 Ind. 415; *Skillen* v. *Wallace,* 36 Ind. 319; *Hillegass* v. *Bender,* 78 Ind. 225." *Falmouth, etc., T. P. Co.* v. *Shawhan, ante,* p. 47.

If the appellees had inserted the words in this contract, "we promise to pay back the depositor his money," it would not have added to the legal force and effect of their contract, for what the law implies is in it as it is written.

Petition overruled.

Filed June 19, 1886.