## ROBARDS v. HAMRICK.

[No. 5,783. Filed November 27, 1906.]

1. BANKS AND BANKING.—*Deposit Certificates.—Liability.—Husband and Wife.*—Where a married woman sold her land, $1,500 of the purchase price, by agreement, being deposited with defendant, a private banker, until a certain mortgage on such land was canceled, defendant is liable to her for such amount upon cancelation of such mortgage, regardless of any sum which her husband may owe such defendant. p. 139.

2. SAME.—*Deposit Certificates.—Husband and Wife.—Principal and Agent.*—Where a married woman sold her farm, $1,500 of the purchase price being retained, by agreement, by the pro-

prietor of a private bank, until the cancelation of a mortgage on such land, the fact that such banker executed a deposit certificate in her husband's favor and paid him, without her consent, does not preclude her recovery of the amount.   p. 139.

3.  PRINCIPAL AND AGENT.—*Banks and Banking.*—*Deposits by Agent.*—The deposit, by an agent, of his principal's money in his own name, the bank being cognizant of the facts, does not preclude the recovery thereof by the principal, although the bank has paid the same to such agent.   p. 140.

4.  CONTRACTS.—*Discharge of.*—*Banks and Banking.*—Where a banker agrees to hold money for plaintiff until a mortgage is canceled, and then pay same to her, he cannot, upon the cancelation of such mortgage, deposit such money to the credit of plaintiff's husband and thus discharge such contract.   p. 140.

From Putnam Circuit Court; *Presley O. Colliver,* Judge.

Action by Georgia A. Hamrick against Everett R. Robards.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*John P. Allee,* for appellant.

*P. W. Bartholomew, Silas A. Hays* and *Jesse D. Hamrick,* for appellee.

ROBY, P. J.—Action by appellee.   The complaint is in three paragraphs.   In the first paragraph it is averred that the plaintiff made a special deposit of money with the defendant, as evidenced by a special contract in writing, as follows:

"E. R. Robards,
    Deposited by Georgia A. Hamrick, Stilesville, Indiana, September 12, 1902, currency, $1,500. This money to be left on deposit with E. R. Robards until a certain mortgage held by John Jackson is released.                    E. R. Robards.
                    Georgia A. Hamrick."

It is further averred that the mortgage referred to was released and payment of said sum demanded and refused, and that the same is due.   In the second paragraph it is averred that appellee was the owner of certain real estate which she contracted to sell to one Stringer, for an agreed

price, all of which was paid, except the sum of $1,500, and that by an agreement then and there entered into between plaintiff and said Stringer the latter agreed to and did deposit with appellant, for the use and benefit of plaintiff, $1,500, it being then and there agreed between plaintiff and said Stringer and the appellant that appellant should pay said sum to plaintiff, as the balance of the purchase price of her real estate, when a certain mortgage thereon should be released of record; that thereafter said mortgage was released, and appellee demanded of appellant said sum due her as the balance of the unpaid purchase price of said real estate; that appellant refused and still refuses to pay her any part thereof. In the third paragraph it is averred that appellant is indebted to appellee in the sum of $1,500 for money had and received for her use from one Stringer, and that said sum is due and unpaid. Issues were formed by a general denial and by a second verified paragraph of answer, in which the defendant said that he did not execute the contract sued on. The cause was tried by the court, special findings made and conclusions of law stated thereon.

The first two assignments of error challenge the accuracy of the first and second conclusions of law. The third assignment, the action of the court in overruling the motion for a new trial. The special findings show the following facts: Appellee, on September 4, 1902, being then as now a married woman, was the owner of a certain tract of real estate, upon which John M. Jackson held a mortgage, which was of record, unsatisfied and in full force on said day and so continued until March 9, 1904, when the same was satisfied of record. Previous to said September 4, appellee, through her husband, negotiated with one Stringer for the sale of the above-described real estate, which negotiations culminated in the execution of a written contract between appellee and said Stringer, in the execution of which her husband joined. The only

clause thereof material, being as follows: "All mortgages and liens on said lands to be fully paid by said Georgia A. Hamrick, or a sum sufficient to satisfy the same deducted from the purchase price thereof or placed in the hands of Everett R. Robards, to hold until the said lands are released from all liens." During the verbal negotiations aforesaid, Stringer informed appellant of the same and requested appellant to loan him $2,000, to be used in payment of the purchase price thereof, which appellant agreed to do. Appellant at the time knew that the real estate was in appellees' name and that Jackson held a mortgage thereon, as above set out, and that he did thereafter loan to Stringer said sum, securing the same by a mortgage on said land executed by Stringer and his wife. Of the said sum so borrowed, $500 was paid to Stringer and the residue was left by Stringer and appellee with said Robards, in accordance with said agreement. No part thereof has ever been paid out by said Robards to either Stringer or plaintiff on account of said mortgage to Jackson, and appellee made demand therefor on May 17, 1904. On September 4, aforesaid, the defendant, who was operating a private bank, delivered to Stringer a deposit slip in words and figures following, to wit:

"E. R. Robards.
   Deposited by B. F. Hamrick, Stilesville, Indiana, September 4, 1902, currency $1,500. This money to be left on deposit with E. R. Robards until a certain mortgage held by John M. Jackson is released.
                                    E. R. Robards."

Said sum represented a part of the loan of $2,000. B. F. Hamrick, on said day, deposited no money whatever with appellant for any purpose. Said deposit was made in the forenoon and the written instrument as set out was not executed until the afternoon of said day. Appellant made said deposit slip in the name of B. F. Hamrick on his own motion, without any instructions or directions from ap-

pellee, and without her knowledge or consent. On said day and prior thereto Benjamin F. Hamrick was the husband of the plaintiff and the party mentioned in said deposit slip, and was a depositor and customer at appellant's bank. His account was over-checked $891.75. He was insolvent, had no property subject to execution, and said amount was unsecured, and still remains due and unpaid. He also kept another account known as the "stock account" in said bank, the balance of which was in his favor $54.50. The appellee was at no time a customer of, or depositor in, said bank. On September 4, 1902, appellant, without the knowledge, consent, or approval of the plaintiff, credited and carried said $1,500 to the private account of B. F. Hamrick. Said sum was a part of the $2,000 loaned by appellant to Stringer as aforesaid, and said mortgage was satisfied on March 9, 1904, appellant having no notice of such satisfaction until May 17, 1904, prior to which time, without the knowledge, consent, or approval of appellee, he had applied the sum of $891.75 of said sum to the satisfaction of the over-check by B. F. Hamrick, and had permitted said Hamrick to withdraw on check or otherwise the sum of $608, thus exhausting said special deposit. When appellant made said deposit slip, he knew and understood that said sum was to be retained for the use and benefit of appellee and to indemnify Stringer against loss on account of said mortgage, and that said sum, upon the satisfaction of said mortgage, was to be paid to appellee as a part of the purchase price of her real estate, and he also knew that B. F. Hamrick was insolvent and had no property subject to execution. Appellee and her husband executed their deed for said real estate and received payment therefor on September 12, 1902, payment being made by Stringer, and as a part of which it was agreed that he had caused said $1,500 to be deposited with appellant as aforesaid. Of the money withdrawn from appellant's bank by B. F. Hamrick, $375 was used for the improvement

of appellee's real estate at her instance, and the remainder of the money so withdrawn by said Hamrick was used by appellee and her husband for their mutual comfort and benefit, with the knowledge and approval of appellee, who needed and consented to her husband's withdrawing said sum of $608.25 from appellant's bank, knowing that the same was a part of the special deposit aforesaid.

The second conclusion of law is that the appellee was entitled to recover from appellant the sum of $891.75, and interest thereon from May 17, 1904, at the rate of six per cent. Upon these facts, the conclusion of law upon which the judgment appealed from was thereafter rendered, was entirely correct, unless the deposit slip referred to constituted a written contract, binding upon appellee. In support of this proposition, which is the basis of appellant's contention, the case of Long v. Straus (1886), 107 Ind. 94, 57 Am. Rep. 87, is cited and relied upon. In that case a certificate of deposit, in the form of a receipt, was issued by a bank to the person whose executrix, after his death, brought suit thereon. In the case at bar, appellee, for whose benefit said deposit was made, was not a party to said contract, did not assent to it, and does not claim under it. It would be an anomaly if a banker could deprive a party, for whose benefit a deposit is made by a third person, of all benefit therefrom, by inserting the name of her bankrupt husband therein, without her knowledge, consent or acquiescence. The facts found sustain the averments of each the second and third paragraphs of complaint. This brings us to the motion for a new trial. Many grounds assigned therefor relate to the rulings of the court upon matters of evidence. Of them it is sufficient to say that there was no reversible error therein. The first and third grounds stated in the motion are: "That the decision of the court is not sustained by sufficient evidence," and "that the decision of the court is contrary to law." If

the evidence shows, without conflict, that appellee was a party to the contract written upon the deposit slip by appellant, and to the placing of said money to the credit of her said husband, then there should be a new trial under the first ground stated.

The evidence not only fails to show that she assented thereto, but it shows that before the transaction was consummated her name was written upon said slip in place of her husband's name. Whether this was done by some person authorized to act for appellant, or by appellee or Stringer, in the belief that they might properly thus make the slip accord with the agreement, is immaterial, since in either event the circumstance accords with the findings of the court. Neither can it be conceded that an agent may, by agreement with a third party, knowing all the facts, deposit the money of his principal with such party to his own credit, thereby excluding his principal from a recovery of the same. No occasion for any deposit existed. Appellant's engagement was to pay the money to appellee. The judgment is not based upon the first paragraph of complaint, and the quality of the act by which appellee's name was substituted in said deposit slip for that of her husband need not therefore be considered, it being sufficient that she did not assent to the terms thereof.

The facts found are sustained by the evidence, the conclusions of law are correct, the judgment is in accord with the justice of the case, and it is therefore affirmed.

Myers, C. J., Robinson, Wiley and Black, JJ., concur. Comstock, J., dissents.