CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

## HENRY LUDWICK *v.* JOSEPH WATSON.

PROMISE TO PAY THE DEBT OF ANOTHER.—Where a promise to pay a debt is founded on a new and original consideration of benefit to the promiser, the subsisting liability of the original debtor is no objection to the recovery.

THE plaintiff alleges that he had become an accommodation indorser for one Huguinin, on a note of $100, which he paid under compulsion and was about to commence an action against Huguinin, and to sue out an attachment against his goods to recover the amount. And was about to attach a certain restaurant which the defendant, Watson, and said Huguinin owned or claimed. "That thereupon, in consideration that said plaintiff would forbear to attach said restaurant, said Watson promised and agreed to pay said sum. That thereupon said plaintiff gave up all claim against said Huguinin, and has looked to said Watson alone for payment."

He alleges a demand and failure to pay.

The answer, under information and belief, denies the allegations in regard to the note, denies that the defendant

was interested in the restaurant, and in the same manner denies that the plaintiff was about to attach the property. The defendant also "denies that he has agreed to pay to the said plaintiff the sum of $100, or any other sum for said Huguinin."

The case was tried before a jury, and the proofs sustained the allegations of the complaint and tended to show that, at the time of the threatened attachment, the defendant and the said Huguinin were keeping the said restaurant as partners.

The defendant moved for a non-suit.

*J. W. Whalley,* for the defendant.

The rule as laid down by Chancelor Kent in *Leonard* v. *Vreden,* 8th John. 29, is not of universal application, and is not the true rule. (*Williams* v. *Boyington,* 3 Mtcf. 396; 11 Mass. 365; 5 Cush. 488; 8 N. Y. 207.)

The new consideration must be such as to shift the actual indebtedness to the new promisor; so that as between him and the original debtor, he is bound to pay the debt as his own; the latter standing in the relation of surety to him. (*Kingsley* v. *Balcom,* 4 Barb. 131.)

*Caples & Moreland,* for the plaintiff, cite Edwards on Bills and Notes, p. 223–224; Parsons on Contracts, 387.

BY THE COURT, UPTON, J. This question was very fully argued, and the subject carefully examined, in the case of *Hedges* v. *Strong, Adm'r.* In that case this court held the rule to be as stated in *Leonard* v. *Verden,* and I see nothing in the cases cited by the defendant in conflict with the doctrine there laid down, except the ruling in *Kingsley* v. *Balcom,* 4 Barb. 131. In that case Judge Sill cites *Farley* v. *Cleveland,* 4 Cow. 432, as supporting his opinion. The latter case purports to be a review of the leading cases on this subject, and refers to some case in which it has been said to be a material question whether, "the original debt was still subsisting," but the case does not seem to support the view expressed in *Kingsley* v. *Balcom*; on the contrary, Savage, C. J., says: "In all these cases, founded upon a

new and original consideration of benefit to the defendant, or harm to the plaintiff, moving to the party making the promise, either from the plaintiff or the original debtor, *the subsisting liability of the original debtor* is no objection to the recovery." The motion for non-suit must be overruled.

The defendant offered some evidence tending to show that there was no consideration moving to the defendant. The charge to the jury was the same as was given on this point in the case of *Hedges* v. *Strong, Adm'r.*

The plaintiff had a verdict for $109.

---

CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

