# N. Y. COMMON PLEAS.

ALBERT SCHINDLER and FREDERICK W. ROLLER, plaintiffs
and respondents, agt. GEORGE EUELL and HUBERT SEMM-
LER, defendants and appellants.

Greiff and Semmler were partners.  Greiff retired from the firm and
   Semmler, the remaining partner, thereupon formed a new copartnership
   with George Euell, under the firm name of Euell & Semmler.  Semm-
   ler then agreed with Euell that all the property of the old firm should
   be transferred to the new, and that the new firm should assume and
   pay all the debts of the old firm.
*Held*, to be a valid agreement, founded on a good consideration, and
   although not in writing, was not within the statute of frauds.

*General Term, December,* 1872.

*Before* CHAS. P. DALY, *Ch. J.,* R. L. LARREMORE *and*
J. F. DALY, *JJ.*

THE plaintiffs brought this action to recover a balance due
them for goods sold and delivered, for which it was claimed
the defendants were liable, under the following circumstances:
Plaintiffs had their transactions first with the firm of *Semmler
& Strembel* in 1868.

*Strembel* retired from the firm and one Charles Greiff took
his place, and the new firm continue the business under the
firm name of *Greiff & Semmler.*

*Greiff* subsequently went out and *George Euell* took his
place, and the new firm, composed of the present defendants,
continued the business under the name of *Euell & Semmler.*.

The defendant Semmler was a member of all the various
firms, and each of the new firms when formed continued
the business of the preceding firm, and each continued their

account with the plaintiffs, right along, until the same was closed; each of the new firms assuming that portion of the account of their predecessors as was due the plaintiffs when the new firm was formed. The defendants appeared and answered *jointly*, denying the assumption by the new firms of the debts of the old.

The action was referred to Philip J. Smith, Esq., as sole referee, and he reported in favor of the plaintiffs for the sum of $268.55; and from this *judgment* the defendant Euell appealed to the general term of the marine court where the judgment was affirmed, and he thereupon appealed to the court of common pleas.

MERCHANT & ELLIOTT, *for appellants.*
DAVID McADAM, *for respondents.*

DALY, *C. J.*—The referee finds that the assets of the firm of Greiff & Semmler, upon the dissolution of the firm, were transferred to Semmler, subject to the payment of the debts of that firm; that a new firm was formed, consisting of the defendants Euell and Semmler; that the total assets of the old firm, making $10,541.98, was put into the new one by Semmler, subject to the payment of the debts of the old firm, and that the sum of $3,000 was put in by Euell; that Euell & Semmler, in consideration of receiving all the assets of the late firm, agreed and promised to *each* other, at the time of the formation of the new firm, to pay off all the debts of the old ones, and that the plaintiffs' claim was one of these debts.

It was laid down in the early case of *Leonard* agt. *Vredenburgh* (12 *John.*, 38) by chancellor KENT, as too clearly settled to be questioned, that if a promise to pay the debt of another be founded on a new and distinct consideration, independent of the debt, and one moving between the parties to the new promise, it is not a case within the statute, but is considered in the light of an original promise; and such is the nature of the promise in the present case. So far as

respects one of the defendants, Semmler, it is a promise to pay his own debt; and it is a general principle which prevails in all the cases that wherever the party's promise is in effect to pay his own debt, the statute cannot be resorted to to enable him to get rid of his actual obligation. (*See the cases collected in Brown on the Statute of Frauds*, § 163, *3d ed.*) And as respects the other defendant Euell, there was, in the language of Chancellor KENT, a new and distinct consideration between him and Semmler upon which his promise to pay the debts of the old firm was founded; that is, the receipt of the assets of the old firm as a part of the capital of the new. These assets were in Semmler's hands, subject to the payment by him of the debts of the old firm; and when he turned them over as a part of the capital of the new firm, under an agreement with Euell that the new firm would pay off all the debts of the old one, the joint interest which Euell thereafter had in them was certainly a sufficient consideration to support the promise which he made contemporaneously with the receipt of them. It was a mutual obligation entered into by the two members of the new firm, and, for all that is known to the contrary, the amount of these assets, which were over $10,000, may have been amply sufficient to pay off and discharge all the debts due by the former firm of Greiff & Semmler; but whether they were or not, Euell saw fit, as one of the partners of the new firm, to take them as an addition to the capital of that firm, burdened with the obligation to which they had been subject in the hands of Semmler.

I can see no difference in principle between this case and that of *Lawrence* agt. *Fox* (20 *N. Y.*, 268). There, a sum of money was loaned, upon the promise by the borrower to pay a debt due by the lender to another person; and it was held that the person to whom the debt was due might maintain an action upon the promise as one made for his benefit; and here Euell received a joint interest in $10,000 worth of property upon a promise to be jointly responsible for the

payment of certain debts due by the person from whom he received the property.

In *Skelton* agt. *Brewster* (8 *John.*, 376) the defendant, in consideration of receiving from a person all her household goods, promised to pay a debt for which that person had been arrested in execution; and it was held that this was not a collateral engagement, but an original undertaking, upon which an action might be maintained by the execution creditor for whose benefit the promise was regarded as being made.

There is nothing in the recent case of *Garnsey* agt. *Rogers* (47 *N. Y.*, 233) giving any different interpretation of the law from that laid down and acted upon in the cases above cited. That case simply declares that, to entitle a third party to maintain an action upon a promise of this nature, the contract must have been made for his benefit; that he must be the party intended to be benefited, which, it holds, was the case in *Lawrence* agt. *Fox*, and was not the case in *Garnsey* agt. *Rogers;* for there, the promisor, in the language of judge RAPALLO, "engaged to advance his own money for the purpose of protecting the property of the promisee; which advance, when made, would become a lien upon the property of the promisee." Here, however, the contract made by Semmler with his partner, Euell, was for the benefit of the creditors of the old firm; for the assets of that firm were left by Greiff with his partner, Semmler, subject to the payment of the firm debts which Semmler agreed and assumed to pay; and when Semmler, therefore, made these assets a part of the capital of the new firm, upon the condition that that firm should assume and discharge the debts of the old one, it was an agreement on his part, as I have said, for the benefit of the creditors of the old firm, for whose benefit Semmler held the assets before that agreement was entered into. In other words, it was giving up property to that firm which would otherwise have gone to the payment of the debts of these creditors; and the new arrangement was as much an engage-

ment for their benefit as the arrangement previously made by Greiff with Semmler.

Euell having acquired a joint interest in these assets, there was a sufficient consideration for the promise on his part, and the mutual agreement entered into cannot be regarded in any other light than as intended for the benefit of the creditors of the old firm. This being the conclusion upon the facts, it was not an agreement within the meaning of the statute of frauds.

LARREMORE, *J.* (*concurring*).—The referee has found, upon conflicting evidence, the facts establishing plaintiffs' right to recover; and, unless the exceptions taken by the defendant be sustained by authority, the judgment must be affirmed.

The first proposition is that the evidence at most shows but a parol promise to pay the debt of another, which is void by the statute of frauds

If this were the only conclusion that could be drawn from the testimony, the defendant was entitled to a nonsuit; for it is well settled that a parol agreement, made by a third person with the creditor to pay the debt of another, is void; and upon this point the cases cited by appellants' counsel are conclusive.

The seventh finding of fact (and there was evidence to support it) is as follows:

" That the defendants Euell & Semmler, in consideration of receiving all the assets of the late firm of Greiff & Semmler, agreed and promised to each other, at the time of the formation of the new firm of Euell & Semmler, to discharge and pay off all the debts of the late firm of Greiff & Semmler, including the claim of the plaintiffs in this action."

It would thus appear that the promise upon which the plaintiffs rely, and which was adjudged to have been proved, was not within the statute. It was made by Euell with the debtor, his copartner and co-defendant, to pay the debt owing by the latter to his creditors the plaintiffs.

It is therefore within the class of excepted cases to which the statute does not apply (*Lawrence* agt. *Fox*, 20 *N. Y.*, 268; *Burr* agt. *Beers*, 24 *ib.*, 178; *Van Schaick* agt. *Third Ave. R. R. Co.*, 38 *ib.*, 346; *Secor* agt. *Lord*, 3 *Keys*, 525; *Parker* agt. *Bucklin*, 2 *Den.*, 45; *Delaware and Hudson Canal Co.* agt. *The Westchester County Bank*, 4 *ib.*, 97; *Farley* agt. *Cleveland*, 4 *Com.*, 432, *affirmed* 9 *ib.*, 639; *Scott* agt. *Pilkington*, 15 *Abb.*, 280).

I have examined all the other exceptions, and am of opinion that they are not well taken.

The judgment should be affirmed, with costs.

J. F. Daly, *J.*, *dissenting.*—It seems to me that the judgment in this action should be reversed. The agreement of the defendant, Euell, taking the statements of plaintiff's witnesses as true, was a mere naked contract, without consideration, to pay the debt of a third party and clearly within the statute. It was made at the time he entered into the copartnership with his co-defendant, Semmler, but the mere contribution to the firm by Semmler of his stock was not a delivery of property by him to Euell, out of which the latter was to satisfy the plaintiff's debt so as to bring the case within the spirit of *Lawrence* agt. *Fox* (20 *N. Y.*, 268) and similar cases; but was property put into the copartnership agreement and for copartnership purposes. This property was liable to division with the other assets on dissolution, and a share of it to be returned to Semmler. It was not an irrevocable conveyance to Euell for the purpose of paying the old creditors; and the promise of the latter, it seems to me, is not to be distinguished in principle from that discussed in *Garnsey* agt. *Rogers* (47 *N. Y.*, 233).

There a person taking a mortgage on real property, as security for a loan, agreed by a stipulation in his mortgage to pay a prior mortgage given by his debtor to a third party. It was held that the promise was not made for the benefit of the prior mortgagee, but only for the benefit of the mortgagor,

Schindler agt. Euell.

and differs from a similar stipulation in an absolute convey-ance.  In this case it is clear from the evidence that the promise of Euell was not made for the benefit of this plaintiff and the other creditors of Semmler, but for Semmler's and his own benefit (in the copartnership) only.  "Mr. Semmler said he would pay the old debts for the sake of getting relieved and of not getting pushed " (*Semmler's testimony, p.* 29).

There is no testimony whatever that Semmler asked Euell to pay the old debts for the sake of the old creditors, or that Semmler contributed the property to the firm or entered into the copartnership upon any agreement that the old creditors should be paid.  The agreement of Euell seems to have been made for his own and Semmler's convenience, "for the sake of being relieved and of not getting pushed " in their new business.  Even if Semmler, during the copartnership, could have enforced this agreement against Euell (47 *N. Y.*, 243), the creditors could not unless made for their benefit.  The subsequent dissolution of the copartnership and the agreement between Semmler and Euell (*Case, p.* 68) whereby the defend-ant, Euell, takes all the assets, does not help the plaintiff's case, there being no agreement in it to pay the old individual debts of Semmler, and it being made upon the consideration set forth in. it—"one dollar and moneys paid to and for (Semmler) by said Euell, and other valuable considerations."

The judgment should be reversed.

Judgment affirmed.

NOTE.—A motion was made at the succeeding general term for a reargu-ment or leave to go to the court of appeals, and the same court refused to grant either application; *all* the judges this time agreeing that the former judgment of affirmance was correct.