ANDERSON v. LEVERICH.

1. **Venue:** MOTION FOR CHANGE: UNDUE INFLUENCE OF COUNSEL:
WITHDRAWAL OF SOME OF COUNSEL. Where a motion for a change of
venue was based on an affidavit showing that the attorneys for plaintiff
had such an influence over the inhabitants of the county that the
defendant could not obtain a fair trial therein, but some of the attor-
neys for the plaintiff withdrew from the case before the motion was
ruled on, *held* that the motion was properly overruled.

2. **Instruction:** AIDED BY EVIDENCE. Where the question was as to the
payment by defendant, a banker, of a draft deposited by plaintiff, the
court instructed the jury that if they found that the defendant did not
pay the plaintiff for the draft at the time it was deposited, and if plaint-

iff had demanded payment, he was entitled to recover. *Held* not erroneous, in view of the fact that the evidence showed that there was no pretense of payment except at the time of deposit.

3. **Settlement:** ERROR: MUTUAL MISTAKE: INSTRUCTION AIDED BY EVIDENCE. Conceding that a settlement which is merely erroneous, and not the result of fraud or mutual mistake, is binding upon the parties, yet, where the error, if any, was clearly a mutual mistake, an instruction that a party to a settlement who denies its correctness has the burden to show that it was *erroneous* is no ground for reversal.

4. **Pleading:** ALLEGATIONS OF DEMAND: ARREST OF JUDGMENT. Where a demand was necessary to a recovery, but it was not directly pleaded, but allegations were made which the parties might well understand to imply a demand, and defendants went to trial thereon without objection, *held* that a motion in arrest of judgment, on the ground that no demand was pleaded, was properly overruled.

5. **Practice on Appeal:** RECORD: BILL OF EXCEPTIONS NOT MARKED FILED. Where sixty days were allowed to file a bill of exceptions, and a bill was signed within that time, but was never marked filed by the clerk, *held* that the evidence purporting to be preserved by it could not be regarded as made of record, though the person who prepared the abstract of the record for this court states that the bill was, within the time allowed, attached to the papers in the case and deposited with the clerk.

*Appeal from Pocahontas Circuit Court.*

THURSDAY, OCTOBER 28, 1886.

ACTION to recover an alleged balance of a deposit account. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*J. B. Dunn* and *A. F. Call*, for appellant.

*G. S. Robinson*, for appellee.

ADAMS, CH. J.—In September, 1884, the defendant was engaged in business as a private banker at Laurens, in Pocahontas county. The plantiff was a customer of the defendant. Among the deposits made by the plaintiff there appears to have been a draft for $300. The question in the case for the jury was as to whether the plaintiff had ever

received payment of the draft. The defendant claimed that he had, and the plaintiff denied it.

I. The first error assigned by the defendant is that the court erred in overruling a motion made by him for a change of place of trial. The motion was based upon an affidavit showing that "the attorneys for the plaintiff, Robinson & Milchrist, W. D. McEwen and W. G. Bradley, have such an undue influence over the inhabitants of Pocahontas county that the defendant cannot obtain a fair trial therein." The court, in overruling the motion for a change of place of trial, made an entry showing that "McEwen, Garlock and W. G. Bradley withdrew their appearance for the plaintiff." The question presented is whether, after the withdrawal of a portion of the attorneys alleged to have such undue influence over the county that the defendant could not obtain a fair trial, the affidavit filed could properly be deemed sufficient. In our opinion it could not. The plaintiff had in the outset employed a large array of counsel, and it may be that their combined influence would be sufficient to prevent the defendant from having a fair trial. But it does not follow that the influence of a part of the attorneys would have that effect. We cannot presume that the influence of each attorney reached equally to all the inhabitants. At the time, then, that the motion was ruled upon, we cannot say that it appeared that the defendant was entitled to a change of place of trial.

*1. VENUE: motion for a change: undue influence of counsel: withdrawal of some of counsel.*

II. The court instructed the jury, in substance, that if they found that the defendant did not pay the plaintiff for the draft at the time it was deposited, and if the plaintiff had demanded payment, he was entitled to recover. The giving of this instruction is assigned as error. The objection urged is that as to time of payment the jury was limited in its consideration to the time of the deposit of the draft, whereas a subsequent payment would be equally as good a defense. To this we have to

*2. INSTRUCTION: aided by evidence.*

say that there would be force in the objection if there was any evidence of a subsequent payment. But we do not find any. The defendant's sole theory is that he paid at the time the draft was deposited.

III. The court gave an instruction in these words: " If you believe from the evidence that the defendant and the plaintiff had a settlement of their banking mat-

3. SETTLE-
MENT: error:
mutual mis-
take: instruc-
tion aided by
evidence.

ters, then the law presumes that such settlement was correct, and the burden was on the plaintiff to show by a preponderance of the evidence that said settlement was erroneous." The giving of this instruction is assigned as error. The defendant's position is that a settlement merely erroneous, and not the result of either fraud or mutual mistake, is binding upon the parties. For the purpose of the opinion the defendant's position may be conceded. Yet, in our opinion, the nature of the case is such that the jury could not have been misled by the instruction. The settlement upon which the defendant relies consists of the fact that the plaintiff's pass-book was taken by the bank, written up, and returned, without showing a credit of the money in dispute, and the plaintiff held the book for a long time without complaint. Now, if there was error, it consisted in the omission of such credit, and it must have been the result of mutual mistake. If the money was not paid at the time of the deposit, the plaintiff was entitled to credit. He supposed that it was given him, and the defendant must have intended to give it. No other version could properly be put upon the transaction. We think that the jury comprehended the question fully, and, if injustice was done the defendant, it is simply because the jury erred in weighing the evidence.

IV. The defendant moved in arrest of judgment on the ground that the petition did not state a cause of action, in

4. PLEADING:
allegations of
demand:
arrest of
judgment.

that it did not contain an averment that the plaintiff had demanded the money in dispute. The motion was overruled, and the defendant

assigns the overruling of his motion as error. The plaintiff averred that he made the deposit in question and the defendant refused to give credit for the money or in any manner to account for it. We think that, after the parties had gone to trial upon such issue, the defendant should not be heard to complain. The court might well assume that the parties understood that a refusal to account sufficiently implied a previous demand, if such demand was necessary.

V. The court instructed the jury that the burden was on the plaintiff to show that he demanded the money, and that unless he had shown such demand they must find for defendant. The defendant moved to set aside the verdict on the ground that it was contrary to such instruction. Where a jury disobeys an instruction, though erroneous, it is guilty of misconduct, and the verdict should be set aside. The plaintiff, however, insists that we cannot say that there was no evidence of demand, because no part of the evidence was made of record. The fact appears to be that sixty days were given to settle and file a bill of exceptions. Within that time a bill of exceptions was signed, and we have a statement made by the abstracter that it was, within the time allowed, attached to the papers in the case and deposited with the clerk. There does not seem to be any pretense that it was marked filed. If the bill of exceptions had been deposited with the clerk with a request to file, it may be that the defendant, upon making proof of such fact to the court below, would have been entitled to an order upon the clerk to mark the same as filed of the day when it should have been. But we cannot take notice of an abstracter's statement of a matter outside of the record. We have, then, no proper evidence that the bill of exceptions was ever deposited with the clerk. We cannot, then, say what the evidence was, and cannot set aside the verdict on the ground that it was contrary to the instruction.

In our opinion, the judgment of the court below must be

AFFIRMED.