THE PLANO MANUFACTURING COMPANY v. STEPHEN BURROWS.

1. CONTRACT—*Payment to, and Action by, Third Person.*  Where a purchaser of property agreed to pay the purchase-price to a third person in liquidation and payment of a debt due from his vendor to such third person, the third person may maintain an action against the purchaser on such promise, and for the purchase-price of the property, although he was not one of the contracting parties, and had no knowledge of the contract at the time it was made.

2. ———— Such a contract is not within the statute of frauds, although it may be only in parol.

3. Action *by Third Person — Election.* In such a case, and although the contract may be only in parol, the third person is not bound to elect to treat the debt due from the vendor to the third person as extinguished before commencing his action against the purchaser for the purchase-price of the property.

4. Judgment, *Unsatisfied — Action, Maintained.* In such a case, where the third person sues both the purchaser and the vendor in the same suit before a justice of the peace, and obtains a judgment in that court against both, and the purchaser appeals to the district court, *held,* that the third person may still maintain his action against the purchaser, although the judgment against the vendor is still standing unreversed and unsatisfied.

*Error from Leavenworth District Court.*

THE opinion states the nature of the action, and the material facts. Judgment for the defendant *Burrows,* at the April term, 1887. The plaintiff company brings the case here.

*J. H. Gilpatrick,* for plaintiff in error; *Lewis C. Spooner,* and *J. W. Johnstone,* of counsel.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is admitted that the controlling question involved in this case is as follows:

"A. B. buys property from plaintiff and gives three notes in payment; two notes remain unpaid. S. B. buys and receives the property from A. B., and verbally only promises and assumes the payment of the notes sued on; these not being paid, action thereon is prosecuted to judgment against both A. B. and S. B., before a justice, and S. B. appeals. Can the action be maintained against S. B., the judgment against A. B. still standing unreversed and unsatisfied? In other words, can both the maker and he who bought the property of him, and verbally promised to pay the notes, be sued at the same time?"

The district court answered the foregoing question or questions in the negative, and rendered judgment in favor of the defendant Stephen Burrows, and against the plaintiff, the Plano Manufacturing Company; and to reverse this judg-

ment, the plaintiff, as plaintiff in error, brings the case to this court.

The principal facts of this case, stated briefly, are as follows: The plaintiff sold a twine-binder harvester to Aaron Burrows, who gave to the plaintiff his promissory notes therefor. Aaron Burrows afterward sold the harvester to his brother, Stephen Burrows, who in consideration therefor orally promised Aaron to assume the payment of the notes. Two of the notes were not paid, and the plaintiff commenced this action before a justice of the peace against both Aaron and Stephen, setting forth the foregoing facts as his cause or causes of action, and obtained judgment against both for $166; and Stephen appealed to the district court, with the result aforesaid.

We are inclined to think that the court below erred. In this state it is enacted by statute, (Civil Code, § 26,) and settled by numerous decisions, that all actions, with a few particular exceptions which have no application to this case, must be prosecuted in the name of the real party in interest, and therefore whenever a contract is made between two persons for the benefit of a third, the third person, though not one of the con-

1. Contract for benefit of third person; action. tracting parties, is the proper person to commence and to maintain any action which may be brought upon any breach of the contract. (*Anthony v. Herman*, 14 Kas. 494; *K. P. Rly. Co. v. Hopkins*, 18 id. 494; *Floyd v. Ort*, 20 id. 162; *Life Assurance Society v. Welch*, 26 id. 641, 642; *Brenner v. Luth*, 28 id. 581.) And generally it makes no difference whether the contract is in writing, or only in parol. See the above cases which relate to written

2. Contract— statute of frauds. contracts, and the following cases which relate to parol contracts: *Grant v. Pendery*, 15 Kas. 236; *Harrison v. Simpson*, 17 id. 508; *Center v. McQuesten*, 18 id. 476. And where the promise is to pay money in consideration of some benefit received by the promisor, it makes no difference that the promise is in parol, or that incidentally the payment of the money will extinguish a debt owing by the promisee to the third person. (*Burkham v. Mas-*

*tin*, 54 Ala. 122; *Mathers v. Carter*, 7 Bradw. 225; *Haggerty v. Johnston*, 48 Ind. 41, 44; *Borchsenius v. Canutson*, 100 Ill. 82; *Townsend v. Long*, 77 Pa. St. 143; *Schindler v. Euell*, 45 How. Pr. 33; *Ford v. Finney*, 35 Ga. 258; *Follansbee v. Johnson*, 28 Minn. 311.) Such a promise, it is true, is in one sense a promise to pay the debt of another. It is a promise to pay the preëxisting debt of the promisee to the third person; but that is not all, nor is it the principal thing. The principal thing is that the promisor shall pay his own debt created at the time of making the promise — not to the promisee, it is true, but to a third person for the benefit of the promisee. Such a contract or promise is not within the statute of frauds. Even where the debt due from the promisee to the third person is to continue as an existing obligation and is not to be extinguished until the money is actually paid by the promisor to the third person, the contract will still not be within the statute of frauds. See the authorities above cited, and particularly the following authorities: *Lee v. Newman*, 55 Miss. 365, 373; *Seaman v. Hasbrough*, 35 Barb. 151; *Stilwell v. Otis*, 2 Hilton, 148; *Stariha v. Greenwood*, 28 Minn. 521, 522; *Ludwick v. Watson*, 3 Ore. 256; *Dock v. Boyd*, 93 Pa. St. 92, 94. Some of the authorities make a distinction between a case where the promise is made to a creditor to pay a debt due to him from a third person, and a case where the promise is made to a debtor to pay a debt due from him to a third person — holding that in the first case the promise comes within the statute of frauds and is void, while in the latter case the promise is not within the statute of frauds and is valid. (*Center v. McQuesten*, 18 Kas. 476; *Fullam v. Adams*, 37 Vt. 391, 394.)

In the present case, Stephen Burrows, in consideration for the harvester which he purchased from Aaron Burrows, promised Aaron that he would pay the purchase-price agreed upon between the two to the Plano Manufacturing Company in liquidation and payment of the notes due from Aaron Burrows to the company. Under this contract the company, and not Aaron Burrows, was to receive the purchase-money, and

the company, and not Aaron Burrows, was therefore the real
party in interest; and under the statutes of this state, and
the decisions of this court, the company, and not Aaron Bur-
rows, would be the proper party to sue for the recovery of the
purchase-price of the harvester.    Stephen Burrows was the
primary debtor and the Plano Manufacturing Company was
the primary creditor, and Stephen Burrows, as such primary
debtor, should not be allowed to escape from the fulfillment
of his contract to pay his own debt, merely because he put his
promise in the form of a promise to pay the debt of another.
Nor should he be allowed to multiply suits by compelling the
Plano Manufacturing Company to sue Aaron Burrows and
Aaron Burrows to sue him.    Nor has he any right to require
that the Plano Manufacturing Company should first elect to
treat the debt due from Aaron Burrows to the
Plano Manufacturing Company as extinguished
before commencing an action against him to re-
cover the debt he owes.    Of course he owes the debt to some-
body, and an action for the debt may be maintained against
him by somebody, and this somebody is either Aaron Bur-
rows or the Plano Manufacturing Company.    He promised
to pay the debt to the latter, and why may not the latter
be able to maintain an action for the debt against him?
What right has he to say to the latter, "You have not yet
elected to consider the debt due from Aaron Burrows to your
company as extinguished, and therefore you cannot sue me to
recover the debt which I owe"?    The consideration to him
was amply sufficient for his promise, and Aaron Burrows is
not objecting.    Aaron Burrows is not claiming that the Plano
Manufacturing Company should first elect to treat the debt
due from him to the company as extinguished before suing
Stephen Burrows, nor is he claiming that Stephen Burrows
should pay the purchase-price of the harvester to himself; and
what right has Stephen Burrows, after he has been directed by
Aaron, and after he has promised Aaron to pay the debt to
the company, to say that he will not do so?    Certainly no one
but Aaron has any right to interpose any objection, and he

3. Action by
   third party;
   election.

has not done so, and probably even he would not have any such right. When the contract was made between Aaron and Stephen Burrows that Stephen should pay the contract-price of the harvester to the Plano Manufacturing Company, it was valid according to all or very nearly all authority, although the manufacturing company was not a party to the contract, and had no knowledge of the same at the time. Then why should the contract afterward become void unless the Plano

4. Judgment, unsatisfied— action, maintained.
Manufacturing Company should elect to extinguish the debt due from Aaron Burrows to the company? This last-mentioned debt will become extinguished when it is paid, and whether it is paid by Aaron or by Stephen Burrows. The Plano Manufacturing Company can have only one satisfaction of its debt, and if Stephen Burrows pays the debt, as he has agreed to do, it will extinguish all liability on the part of Aaron Burrows to the company, as well as all liability on Stephen's part to either Aaron Burrows, or to the company.

We think the plaintiff's action may be maintained, and the judgment of the court below will be reversed and the cause remanded for a new trial.

JOHNSTON, J., Concurring.

HORTON, C. J., Dissenting to third and fourth points of syllabus, and to those portions of the opinion sustaining the law as therein declared.