WRIGHT *v.* CARMAN *et al.*

(*City Court of New York, General Term.* July 1, 1892.)

1. INCOMING PARTNERS—ASSUMPTION OF LIABILITIES—NEWSPAPER NOTICE.
   In an action against C., as a partner of the firm of H. & C., successors to the firm of H. & Co., to recover a debt due from the old firm, the court erred in excluding a newspaper advertisement signed by H. & C., stating that they had assumed all the liabilities of H. & Co.

2. SAME—CONSIDERATION.
   The transfer of the interest of the retiring partner to the new partner, C., and the receipt of the assets of the old firm, was a sufficient consideration for the assumption of the debts of the old firm.

3. SAME—STATUTE OF FRAUDS.
   The agreement in question was not within the statute of frauds; the same being not to pay on the default of H. & Co., but to pay at all events.

Appeal from trial term. Action by George H. Wright against William A. Carman and another. From a judgment dismissing the complaint as to defendant Carman, plaintiff appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*James R. Marvin,* for appellant, *Smith Williamson,* for respondent.

McGOWN, J. This action was brought to recover the sum of $1,403 and interest alleged to be due to plaintiff's assignor, Eugene Ring, Jr., as set forth in the complaint, which, briefly stated, alleges: That about February 26, 1891, defendant Halsey and Eugene Ring, Jr., were partners under the name of George W. Halsey & Co. That on said day defendant Broadhead purchased from Ring his interest in the property of the firm for $2,500, but, instead of paying the same in money, it was agreed between Halsey, Broadhead, and Ring that the $2,500 should be paid to Ring,—$1,097 thereof by the transfer to Ring of notes of George Bahr, then held by the firm of George W. Halsey & Co., indorsed by the new firm to be composed of Halsey & Broadhead; and the remaining $1,403 should be paid by the new firm on February 26, 1892, and that Broadhead should pay the new firm $2,500 cash, instead of paying it to Ring. That thereupon Ring transferred to said Broadhead all his interest in the property of George W. Halsey & Co. That Halsey and Broadhead then became partners, under the name of Halsey & Co., which firm indorsed and delivered said notes to Ring, and that they were paid, and that Halsey & Co. agreed to pay Ring the remaining $1,403. That about July 1, 1891, Broadhead transferred his interest in said firm of Halsey & Co.

to the defendant Carman for $2,500, and that Carman agreed with Broadhead and Halsey to go into partnership with Halsey under the name of Halsey & Carman, and that the firm of Halsey & Carman should assume and pay all the debts and liabilities of Halsey & Co., including said sum of $1,403. That thereupon Halsey and Carman became partners under the name of Halsey & Carman, and that said last-named firm agreed with Broadhead and Ring to assume and pay all the debts and liabilities of Halsey & Co., including said sum of $1,403. The claim was assigned to the plaintiff, and he demands judgment against the defendant Carman for the amount thereof, and interest. The defendant Carman in his answer denies all the allegations in the complaint, except as to the formation of the several partnerships as alleged.

At the close of plaintiff's evidence, the defendants' attorney moved "to dismiss the complaint, on the ground that the plaintiff has not shown any cause of action, that the case is within the statute of frauds, and the agreement, if any, should have been in writing;" which motion was granted by the trial justice, and to which decision plaintiff's attorney excepted. Upon the trial the plaintiff introduced in evidence a bill of sale from Ring to Broadhead, dated February 26, 1891, transferring all his right, title, and interest in and to the business and accounts, stocks, etc., belonging to the said firm of George W. Halsey & Co., in consideration of the sum of $2,500, three notes aggregating $1,097, with interest; and the balance of $1,403, with interest, payable in one year, to be paid by the new firm of Halsey & Co., of which said George W. Halsey and said Henry Broadhead are members. Halsey consented to above bill of sale on February 2, 1891, and testified that the $1,403 "was a debt that was due from me and my firm before Mr. Carman came in it," and also testified that "subsequently Mr. Broadhead retired from the firm. He sold his interest to Mr. Carman." On July 13, 1891, Broadhead, in consideration of $2,500, sold and conveyed all his right, title, and interest, etc., business and account of, in, and to the firm of Halsey & Co., to defendant Carman, and on November 12, 1891, entered into copartnership with Carman, under the name of Halsey & Carman, in the same business. Henry Broadhead, one of the defendants, sworn on behalf of the plaintiff, testified as follows: "*Question.* What was the agreement between you and Mr. Carman relative to the payment of the debts of Halsey & Co. by Carman or Halsey & Carman? *Answer.* Mr. Carman came to see me several times, * * * and when we finally came to a decision we went to the office of Mr. Goeler, and Mr. Goeler drew the papers, and Mr. Carman made a statement of the liabilities of the firm, and the items,—the assets of the firm, and the liabilities of the firm,—and I took from several bills entered in the books, and those that were not entered, an account of the liabilities of the firm, which amount to about $9,000, and in that statement of $9,000 was included the $1,400 which the firm owed Mr. Ring. *Q.* What was the agreement between you and Mr. Carman in regard to his liability, or the liability of the firm to be formed by him and Halsey, to pay this claim of Ring's? *A.* Mr. Carman said that he would accept all the liabilities of the firm, and Mr. Carman informed me that it had been advertised that the firm was changed from Halsey to Carman, and they accepted all the liabilities of the firm, and he understood the $1,400 was a liability of the firm, and when it became due he offered notes for it. *Q.* What was the agreement between you and Mr. Carman in reference to the payment of the debts of Halsey & Broadhead? *A.* We were to pay the debts. *Q.* Who was to pay the debts? *A.* Halsey & Carman, the new firm which was to be organized, and they then went into copartnership together, and they paid the debts of the firm of Halsey & Broadhead." No writing whatever was produced by the plaintiff, or admitted in evidence, signed by the defendant Carman, or by the firm of Halsey & Carman, assuming to pay said $1,403 to Eugene Ring, plaintiff's assignor. The witness Halsey was asked: "*Question.* Was there any notice published in any

newspapers of the dissolution of Halsey & Co.,—that is of yourself and Broad-head,—and the assumption of their debts by the new firm of Halsey & Car-man? (Objected to as incompetent. Objection sustained. Exception.) *Q.* Who put it in the paper? *Answer.* Mr. Carman put it in the paper. *Q.* Was that the printed paper which it was published in? (handing witness paper.) (Objected to as incompetent. Objection sustained. Plaintiff excepted.) *Q.* I hand you the Daily Advocate, of Thursday morning, July 30, 1891. Was that a newspaper published in the Twenty-Third ward? *A.* Yes, sir. *Q.* And in that paper is a notice signed by Halsey & Carman. Who put that notice in the paper? *A.* Mr. Carman. *Q.* How do you know he did? *A.* He told me he did. (Paper reoffered in evidence. Objected to as incompetent. Objec-tion sustained. Plaintiff excepted. Paper marked 'Exhibit G' for identifica-tion.)" The notice referred to is as follows: "The firm of Halsey & Co., of 2533 Third avenue, composed of George Halsey and H. Broadhead, is this day dissolved. All liabilities will be liquidated by their successors. *New York, July 28th,* 1891. HALSEY & CARMAN."

Halsey & Carman were the successors of the firm of Halsey & Co., and the sum of $1,403, claimed herein, was a liability of the firm of Halsey & Co. The testimony offered and excluded was competent to show that Carman recognized his liability, and that he had assumed the payment of the debt, and its exclusion was error; and plaintiff's attorney's exceptions to the rulings of the trial justice were well taken. The evidence shows that Carman agreed with Halsey, before their partnership was formed, to pay the debts of Halsey & Co. The transfer of Broadhead's interest to Carman, and his being per-mitted to form a copartnership with Halsey, and the receipt of the assets of the old firm of Halsey & Co., was a sufficient consideration to support the promise, and it was not necessary that this agreement should be put in writing. It was not within the statute of frauds. Carman's agreement with both Broadhead and Halsey was not to pay the debts of Halsey & Co. on their default; but it was an original agreement, based upon a new, distinct, and present consideration, passing to him from both Halsey & Broadhead. See *Schindler* v. *Euell*, 45 How. Pr. 33; *Lawrence* v. *Fox*, 20 N. Y. 268; *Arnold* v. *Nichols*, 64 N. Y. 117; *Barlow* v. *Myers*, Id. 41; *Barker* v. *Bradley*, 42 N. Y. 316, 321. It was error on the part of the trial justice in dismissing the complaint on the ground that plaintiff had not shown a good cause of action, and that the case is within the statute of frauds, and that the agree-ment should have been in writing. Judgment reversed, and a new trial ordored, with costs to abide the event. All concur.