## HARRY TALCOTT v. THE FIRST NATIONAL BANK OF LARNED.

1. BANK—*Pass Book—Effect as Receipt.* A pass book given by a bank to a depositor is not a written contract, but is *prima facie* evidence that the bank received the amounts at the dates therein stated, and binds the bank like any other form of receipt, and is open to explanation by evidence *aliunde.*

2. JUSTICE OF THE PEACE, *Appeal from—Judgment on Pleadings.* When an appeal is taken to the district court from the judgment of a justice of the peace, and full pleadings are filed in that court, the parties are bound thereby; and if it appears from the answer of the defendant that no counterclaim, set-off or other defense is alleged, and it is shown by the pleadings, including the allegations in the answer of the defendant, that the plaintiff is entitled to judgment, the court may render judgment upon the pleadings, on the motion of the plaintiff.

*Error from Pawnee District Court.*

APRIL 14, 1890, the *First National Bank of Larned,* in this state, commenced an action before a justice of the peace in Pawnee county, against *Harry Talcott,* on a check, of which the following is a copy: "The First National Bank, Larned, Kas., 3–17, 1890.   Pay to the order of Harry Talcott two hundred dollars.   $200.— HARRY TALCOTT."   Talcott filed an answer, and for his fourth defense alleged:

"And for a further defense, and as defendant's bill of particulars and set-off, defendant says, that on the 2d day of January, 1885, this defendant opened a running account with said plaintiff, by depositing with said plaintiff the sum of $200, and receiving from said plaintiff a pass book in which a receipt for the said sum of $200 was duly entered; a copy of said pass book is hereto attached, marked 'Exhibit A,' and made a part hereof; that afterwards, on the 28th day of January, 1885, defendant made another deposit with this said plaintiff of $200, receiving therefor as a receipt a pass book from said plaintiff, in which the said sum of $200 was duly entered as being received by said plaintiff and credited to defendant's said account; a copy of said pass book, marked 'Exhibit B,' is hereto attached and made a part hereof; that afterwards, on the 28th day of September, 1885, defendant made another deposit with the said plaintiff of $103.60; a receipt for said sum of $103.60 plaintiff duly entered in the pass book first given by plaintiff to defendant, as is shown by 'Exhibit A,' heretofore referred to, and attached hereto and made a part hereof; that defendant drew divers checks, from the 2d day of January, 1885, to the 15th day of December, 1885, to the amount of $302.80, which were duly paid by plaintiff, in amounts as is more fully shown and set out in 'Exhibit A,' heretofore referred to, attached hereto and made a part hereof; that on the 15th day of December, 1885, defendant, wishing to close his said account with the said plaintiff, made a demand upon said plaintiff at its place of business in the city of Larned for the balance of $200.80 due to this defendant from said plaintiff; that said plaintiff refused, and has at all times refused, to pay this defendant, up till the 17th day of March, 1890, the said balance due him; that on said 17th day of March, 1890, there was

Talcott v. National Bank.

due this defendant from said plaintiff the sum of $200.80 with interest thereon from the 15th day of December, 1885, at 7 per cent. per annum, amounting to the sum of $59.65, making a total due this defendant of $260.45; that on the said 17th day of March, 1890, defendant drew and presented to plaintiff the check for $200 sued on in this action, and which is set out in plaintiff's bill of particulars, and received the money thereon, which said sum of $200 this defendant has applied on the said sum of $260.45, due this defendant from said plaintiff on that said day; that there is now due this defendant a balance on said account of $60.45, with interest from March 17, 1890, at the rate of 6 per cent. per annum until paid."

"EXHIBIT B."

*Dr.*    First National Bank, in account with Harry Talcott.    *Cr.*

1885.
Jan. 28.  Dep .......... $200 00   |

First National Bank of Larned, Kas., in account with Harry Talcott, Esq.

"EXHIBIT A."

*Cr.*    First National Bank, in account with Harry Talcott.    *Dr.*

| 1885. | | | | |
|---|---|---|---|---|
| Jan. 2. | Dep......... | $200 00 | Check................. | $125 00 |
| Sept. 28. | Dep......... | 103 60 | " ................. | 28 90 |
| | | | " ................. | 46 10 |
| | | | " ................. | 50 00 |
| | | | " ................. | 25 00 |
| | | | " ................. | 19 00 |
| | | | " ................. | 1 25 |
| | | | " ................. | 2 55 |
| | | | " ................. | 5 00 |
| | | | Balance .............. | 80 |
| | | $303 60 | | $303 60 |
| Dec. 15. | Balance....... | $0 80 | | |

First National Bank of Larned, Kas., in account with Harry Talcott.

The bank filed a reply, pleading the three-years statute of limitations. Before the justice of the peace, the bank recovered a judgment of $200. Talcott appealed to the district court. On the 18th of September, 1890, the district court sustained the statute of limitations of three years, and rendered judgment against Talcott upon the pleadings, in favor of the bank, for $210.26. *Talcott* excepted, and brings the case here.

*H. C. Johns, T. W. Johns,* and *Wm. G. Fairchild,* for plaintiff in error.

*C. N. Sterry,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: By § 18 of the civil code, it is provided that, "after the cause of action shall have accrued," "an action upon any agreement, contract or promise in writing" must be brought "within five years," and "an action upon a contract not in writing" "within three years." It is claimed that as the alleged set-off, being evidenced by a bank or pass book, was upon an "agreement, contract or promise in writing," the statute of three years was no bar. The trial court ruled otherwise. The pass book was balanced December 15, 1885. This action was commenced April 14, 1890, more than four years after that date. The authorities are that the

1. Bank—pass book—effect as receipt.

entry in a pass book "by the proper officer of the amount and date of the deposit is *prima facie* evidence that the bank received the amount, and binds the bank like any other form of receipt. But the entry is only a receipt, and is open to explanation by evidence *aliunde,* and, if shown to be a mistake, is no longer binding upon the bank. The receipt is also open to correction in favor of the depositor, if it be erroneous." (2 Am. & Eng. Encyc. of Law, pp. 102, 103, and cases cited.) Morse on Banks (3d ed.), in vol. 1, § 290, says: "A bank book is *prima facie* evidence, but no more, and is open to explanation by parol evidence, for it is not a contract." In *Davis v. Bank,* 53 Mich. 163, the court observed that "The bank book is no contract, and is only one of the means of indicating the state of the funds." The reasons why a pass book given to the depositor and its entries therein do not constitute a contract in writing are fully stated in the authorities cited. (See, also, *Bank v. Smith,* 19 Johns. 116; *Asher v. Bank,* 7 Alb. L. J. 43; *Anderson v. Leverick,* 30 N. W. Rep. 39.) The case of *Jossoy v. Horne,* 64 Ill. 379, is not applicable,

because in Illinois the statute provides that actions brought upon "evidence of indebtedness in writing" have the same limitation as actions upon contracts in writing. A pass book is "evidence of indebtedness in writing," but not a contract in writing.

As against the ruling of the trial court, the case of *Long v. Straus*, 107 Ind. 94, is cited. The action in that case was upon a written instrument in the nature of a certificate of deposit properly signed by the party executing the same. It was more than a mere receipt, for it embodied an agreement. Elliott, J., speaking for the court, said: "The instrument declared on is a contract. It is a written contract. It cannot be contradicted or varied by a parol evidence." "It is by no means certain whether it is not a regular certificate of deposit." "As the contract is a written one, not subject to variation by parol evidence, the agreement to repay the money must exist in it or not exist at all." Many other cases are referred to of similar kind, but it would not do to hold that an entry on a deposit slip or in a pass book is such a written contract that all oral negotiations and stipulations are merged in the receipt or writing. (*Bank v. Clark*, 32 N. E. Rep. 38.)

It is further claimed, that within the decision of *Waffle v. Short*, 25 Kas. 503, there was an open, running and mutual account between the parties, and that the statute of limitation did not commence to run until after the payment of the check of March 17, 1890. The bill of particulars of the bank did not state any mutual or other account. The action was brought to recover $200 upon the check. The answer and set-off alleged that the pass book was balanced on December 15, 1885. On that date, Talcott made a demand upon the bank for the balance he claimed to be due. The statute began to run from the demand. He did not follow up his demand for more than four years — not until his claim was barred. After the demand of Talcott, on the 15th of December, 1885, and after the statute of limitation had fully run between the parties, there was no open, running or mutual account existing between them. It is true that Talcott alleged that he applied

the $200 upon his account with the bank, but after that account had been closed, and demand had been made and the statute of limitation had run, neither party had any cause of action thereon.

It is intimated in the brief of plaintiff below that Talcott obtained credit of $200 on his pass book to which he was not entitled; but the record does not show this. Talcott's delay in attempting to collect the balance claimed by him until the statute of limitation had run is not explained. When an appeal is taken to the district court from the judgment of a justice of the peace, and full pleadings are filed in that court, the parties are bound thereby; and if it appears from the answer of the defendant that no counterclaim, set-off or other defense is alleged, and it is shown by the pleadings, including the allegations in the answer of the defendant, that the plaintiff is entitled to judgment, the court may render judgment upon the pleadings, on the motion of the plaintiff. Talcott in his answer admitted he executed the check and received from the bank $200 thereon. His answer alleged a set-off barred by the statute of limitation; therefore the trial court properly rendered judgment upon the pleadings in favor of plaintiff below.

2. Justice of the peace, appeal from—judgment on pleadings.

The judgment of the district court will be affirmed.

All the Justices concurring.