### G. M. LEWIS v. A. J. NORRIS.
#### No. 16,133.

##### SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*"Promise in Writing"*—*Acknowledgment of the Receipt of Money.* A writing which acknowledges the receipt of $500 as belonging to a person named, but which contains no statement of any fact from which the law implies an obligation or promise, is not an "agreement, contract or promise in writing" (Civ. Code, § 18, ¶ 1) within the saving clause of the statute of limitations.

2. ——— *Receipt Not a Written Contract.* The following writ-

ten instrument does not constitute an "agreement, contract or promise in writing," but is a mere receipt for money:

> "MOUNT VERNON, MO., December 9, 1903.
>
> "I, Andrew J. Norris, do hereby acknowledge receipt of five hundred dollars, which amount I deduct from purchase-price of the southeast quarter of section 20, except a strip three acres square in the northwest corner of south half of S. E. quarter, and the north half of the northeast quarter of section 29, all in township 29, range 25, as commission for the sale of said land to myself, as the commission belongs to my son-in-law, George Lewis, and by agreement with all parties to be deducted from purchase-price of said land this day bought from L. M. Farris.                    A. J. NORRIS."

Error from Lincoln district court; ROLLIN R. REES, judge. Opinion filed July 3, 1909. Affirmed.

*George W. Holland,* for the plaintiff in error.

*George D. Abel,* and *J. J. McCurdy,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: The single question is whether the following writing is a contract or a mere receipt:

> "MOUNT VERNON, MO., December 9, 1903.
>
> "I, Andrew J. Norris, do hereby acknowledge receipt of five hundred dollars, which amount I deduct from purchase-price of the southeast quarter of section 20, except a strip three acres square in the northwest corner of south half of S. E. quarter, and the north half of the northeast quarter of section 29, all in township 29, range 25, as commission for the sale of said land to myself, as the commission belongs to my son-in-law, George Lewis, and by agreement with all parties to be deducted from purchase-price of said land this day bought from L. M. Farris.
>
>                    A. J. NORRIS."

Plaintiff brought his action upon the writing and contends that it is an agreement or contract to pay a sum of money. The defendant interposed the three-year statute of limitation as a defense, and contends that the writing ,is a mere receipt and amounts ·to

nothing more than an oral promise. The trial court took the latter view and sustained a demurrer to the petition, of which the plaintiff complains.

The plaintiff has cited a number of cases in which a written receipt for money is held to be a contract, but none of them in our opinion bears out his contention. In most of them the paper, besides acknowledging the receipt of money, contained words from which the law implies a promise. One of the cases relied upon is *Long, Executrix, v. Straus et al.*, 107 Ind. 94, where the writing was in the following words: "Received of Joseph S. Long sixteen hundred dollars, on deposit, in national currency. Straus Bros." (Page 95.) The words "on deposit" have a well-known meaning, and imply a promise to pay upon presentation, where no other date of payment is fixed. The case therefore illustrates the rule which defeats the plaintiff's contention.

In *Talcott v. National Bank*, 53 Kan. 480, which we regard as controlling this case, the point decided was that a pass-book given by a bank to a depositor does not constitute a written contract within the meaning of our statute of limitations. In the opinion Mr. Chief Justice Horton, referring to the case of *Long, Executrix, v. Straus et al.*, *supra*, said:

"The action in that case was upon a written instrument in the nature of a certificate of deposit properly signed by the party executing the same. It was more than a mere receipt, for it embodied an agreement." (Page 484.)

Plaintiff also relies upon *Ashley v. Vischer*, 24 Cal. 322. The action there was upon two writings. The first was in the following words:

"Received of John Morrison, esq., the sum of two thousand seven hundred and fifty dollars. San Francisco, February 24, 1855. ($2750.)
(Page 322.)                    EDWARD VISCHER."

The second was as follows:

"This is to state that I am holder of three checks on

Page, Bacon & Co. (viz., $380.70, $514.40, $227.44), amounting to eleven hundred and twenty-two dollars and sixty-three cents, to be converted into cash as best possible, and to be applied to the account of John Morrison. San Francisco, February 24, 1855. ($1122.63.)
(Page 325.)                         EDWARD VISCHER."

The trial court held that the action to recover on the first instrument was barred because it was a mere receipt for money. The second instrument was construed to be a contract. The judgment of the trial court was affirmed. In the opinion the distinction between the two writings is stated to be the fact that the second, in addition to being a receipt, contained the statement that the amount was to be applied to the account of John Morrison.

In the present case the writing amounts to nothing more than an acknowledgment that so much money has been received. It is merely *prima facie* evidence of that fact; it is not conclusive, and may be contradicted or explained by parol testimony. The defendant might, for instance, show that at the time the money was received the plaintiff was indebted to him in an amount equal to or greater than the sum mentioned in the receipt. There is no promise or contract or undertaking expressed in the writing. Our statute provides that an action "upon any agreement, contract or promise in writing" (Civ. Code, § 18, ¶ 1) shall be brought within five years. There is no acknowledgment of any fact in this writing from which the law implies an obligation, and a liability can not be said to be founded "upon any agreement, contract or promise in writing" within the saving clause of the statute, unless from its terms the law will *prima facie* imply some liability.

It follows from what has been said that the judgment must be affirmed.

BENSON, J., dissenting.