No. 30,125.

MILTON E. LADISH, *Appellant,* v. THE CITIZENS STATE BANK OF ALTOONA, *Appellee.*

(5 P. 2d 1099.)

Opinion filed December 12, 1931.

*E. D. Mikesell,* of Fredonia, for the appellant.

*J. L. Stryker,* of Fredonia, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action, brought against the defendant bank, was based upon a certain written instrument signed by the cashier thereof, and the appeal is by the plaintiff from the order of the trial court sustaining the demurrer of the defendant to the bill of particulars on the ground that it was barred by the statute of limitations.

The action was commenced before a justice of the peace on March 14, 1930, claiming a balance due from the bank of $97.25 with interest from January 15, 1927, under a certain written instrument dated November 24, 1926, which is as follows:

"The Citizens State Bank.

"*To Whom This May Concern:*                          "Buffalo, Kan., Nov. 24, 1926.

"This is to certify that Frederick G. Bursch of Buffalo, Kan., has on this date deposited with this bank a check for the sum of $2,140, which is payment in full for 50 shares of common stock of the Federal Securities Company of Topeka, Kan. The stock is now in the names of Jacob Haehn or Orpha Haehn, or survivor. Payment of this amount will be made upon delivery to the Citizens State Bank of Buffalo, Kan., of this stock properly transferred in the names of Frederick G. Bursch or C. Salome Bursch, same payable only to Milton E. Ladish.                                     Arthur Puckett, *Cashier.*

"(Seal of Citizens State Bank of Buffalo, Kan.)

"Attest: Frederick G. Bursch."

To this bill of particulars the defendant answered, pleading first the bar of the statute of limitations, then a general denial and special defenses. A general denial was filed to the special defenses of the answer. The case came to the district court by appeal. The ruling on the demurrer to the bill of particulars was by the trial court reserved, and the trial proceeded before a jury with the burden placed on the defendant. During the introduction of evidence by the defendant the court announced its ruling upon the demurrer to the bill of particulars, sustaining the same because the action was barred by the statute of limitations. The jury was discharged and judgment was rendered for the defendant for costs.

The plaintiff appeals, assigning nine errors relating to the sustaining of the demurrer and the rights of the plaintiff under the written instrument and the allegations of the bill of particulars. It will be observed that the action was commenced more than three years after the date from which interest was claimed, but within the five-year period from that date and from the date of the instrument itself.

The appellant claims that the instrument upon which the action is brought is an agreement, contract or promise in writing on which the period of limitation is five years under the first subdivision of R. S. 60-306. This is the vital and controlling question in the case.

Appellant claims the instrument above quoted is a contract for the benefit of a third person and that he is the third person, the last clause of the instrument providing with reference to the $2,140 "same payable only to Milton E. Ladish." Appellant cites several Kansas cases recognizing contracts made by two parties for the benefit of a third party, and holding that such third party may maintain an action on such contract for any breach thereof to his

injury. (*Mumper v. Kelley*, 43 Kan. 256, 23 Pac. 558; *Mfg. Co. v. Burrows*, 40 Kan. 361, 19 Pac. 809; *Clay v. Woodrum*, 45 Kan. 116, 25 Pac. 619; *Stove Works v. Caswell*, 48 Kan. 689, 29 Pac. 1072; and *Rouse v. Bartholomew*, 51 Kan. 425, 32 Pac. 1088.) It should be observed, however, that in all these cases the debt or obligation had been definitely assumed, as where the purchaser of land assumes the existing mortgage indebtedness thereon. It is also worthy of note that this rule as to the right of a third party to sue on a contract is being limited and restricted rather than extended. (13 C. J. 709.)

It can be readily admitted that the plaintiff is the benefited third party or the third party for whose apparent benefit the instrument was made. But who are the two parties making the contract, if it is a contract? It concerns the sale and purchase of stock in the Federal Securities Company. The stock is in the name of Haehn and is being purchased by Bursch for $2,140. This amount of money deposited by Bursch in the bank is to be paid out when the stock is delivered properly transferred to Bursch. If the instrument had been executed by Haehn and Bursch, it would seem to possess proper contracting parties, subject matter, consideration and all the requisite elements and characteristics of a valid contract or agreement, but it is not signed by Haehn, and Bursch's name only appears on it as one attesting it. If these two are not the contracting parties, who are? Appellant says the defendant bank is a contracting party as the instrument is signed by its cashier and attested with the impress of its corporate seal. If so, who is the other necessary party? Is it Bursch or Haehn, or both of them together, and if so, where and what is the consideration and the promise or agreement on their part? The appellant maintains that the only people the bank knew in the transaction was Bursch and Ladish, and that the contract was between Bursch and the bank. If this is the case, it is only a contract of agency, revocable at any time. The only promise the agent bank makes in the writing is to pay the $2,140, then on deposit, to Ladish. This is no more than it does concerning any deposit—to pay it out to the first to present a check. There is a liability and obligation of the bank to any depositor, when he makes a deposit, to pay the amount deposited to him or to anyone he may direct, and that is upon the well-settled relation of debtor and creditor. A depositor seeking to recover from the bank money theretofore deposited by him does not sue on the

deposit slip signed by the bank officer when he made the deposit. He commences an action on account. What more does this writing contain except the name of the payee? We have difficulty in finding the necessary consideration, unless it is such as may be implied. A pertinent test as to executory contracts is the legal rights of the parties under them, and in this case if the stock purchased was not and could not be turned over to Bursch, the purchaser, how would he proceed to recover his $2,140 deposited for that purpose? It would hardly be by suit upon this writing as a contract. The third party can have no greater or higher rights than the promisee, as is stated by all the authorities.

"Even in jurisdictions which recognize the right of a beneficiary to enforce the contract, the agreement between the promisor and promisee must possess the necessary elements to make it a binding obligation—in other words, it must be a valid contract between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. A mere naked promise from one to another for the benefit of a third will not sustain an action. Necessarily the rights of a party for whose benefit a promise is made must be measured by the terms of the agreement between the principal parties, and the right to recover from the promisor is not absolute in all cases. The beneficiary is in fact asserting a derivative right. Therefore, among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties." (6 R. C. L. 886. See, also, 1 Williston on Contracts, 730.)

We are unable to justly denominate the foregoing writing, signed by the bank cashier, as a contract. At most it would be a certificate of deposit or a receipt for funds deposited with acknowledgment of express directions of the depositor as to the ultimate and contingent disposition of them—an acknowledged relationship of debtor and creditor.

It will be observed that the name of the bank has changed during these proceedings, but that does not affect the situation in this case.

Throughout the bill of particulars the fund in question is referred to, as a deposit made in the bank by Bursch. Ordinarily a certificate of deposit, a receipt for money deposited, or a pass book indicating and acknowledging receipt of funds deposited are not such contracts in writing as are intended by the first subdivisions of R. S. 60-306.

"A pass book given by a bank to a depositor is not a written contract, but is *prima facie* evidence that the bank received the amounts at the dates therein stated, and binds the bank like any other form of receipt, and is open to explanation by evidence *aliunde.*" (*Talcott v. National Bank,* 53 Kan. 480, syl. ¶ 1, 36 Pac. 1066.)

The following two decisions show that even where the plan. and arrangement is stated in writing, the three-year statute of limitations, second subdivision of R. S. 60-306, applies, when the writing is not definitely and specifically a contract.

"A claim against the assignee of an insolvent firm for a trust fund, which came into his hands along with the assigned estate, is barred by the three-year statute of limitations, even though the contract with reference thereto between the claimant and the assignor was in writing. In such a case, the liability of the assignee to account as trustee for the claimant is founded, not on the contract, but on his receipt of funds which in equity belong to the claimant." (*Burrows v. Johntz,* 57 Kan. 778, syl. ¶ 1, 48 Pac. 27.)

"A writing which acknowledges the receipt of $500 as belonging to a person named, but which contains no statement of any fact from which the law implies an obligation or promise, is not an 'agreement, contract or promise in writing' within the saving clause of the statute of limitations.

"The following written instrument does not constitute an 'agreement, contract or promise in writing,' but is a mere receipt for money:

" 'MOUNT VERNON, Mo., December 9, 1903.

" 'I, Andrew J. Norris, do hereby acknowledge receipt of five hundred dollars, which amount I deduct from purchase price of the southeast quarter of section 20, except a strip three acres square in the northwest corner of south half of southeast quarter, and the north half of the northeast quarter of section 29, all in township 29, range 25, as commission for the sale of said land to myself, as the commission belongs to my son-in-law, George Lewis, and by agreement with all parties to be deducted from purchase price of said land this day bought from L. M. Farris.      A. J. NORRIS.' "

(*Lewis v. Norris,* 80 Kan. 620, syl. ¶¶ 1, 2, 103 Pac. 134.)

Appellant insists that this was a special deposit and cites *Secrest v. Ladd, Receiver,* 112 Kan. 23, 209 Pac. 824, and other cases to show that in such case it becomes a trust fund and can be followed and recovered as such, but all such cases have to do with the funds of failed banks, and where it is shown to be a special deposit it has a preference over other deposits. But being a special deposit, a trust fund or having a preference will not change the situation here. It is still a deposit, and the three-year statute of limitations applies notwithstanding it can be established by pass book, receipt, certificate or acknowledgment in writing, because such writings are not contracts.

Appellant's counsel, with logic and exhaustive research, presents other assignments of error and defects in the defendant's answer, but a conclusion in his favor on any or all of them would not change the result, since we have reached the conclusion that the demurrer to the bill of particulars was properly sustained.

The judgment is affirmed.